

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -6 PM 4: 05

Thomas P. Amodio
ASBA No. 8511142
AMODIO STANLEY & REEVES LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Telephone: 907-222-71200
Facsimile:  907-222-7199

<div style="writing-mode: vertical">AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199</div>

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY, and ALL WEST INSURANCE COMPANY, AND THEIR authorized adjuster UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CASE NO.:  A05-162-CV (JKS)

**MOTION TO INTERVENE**
**OF DENALI FUEL COMPANY**

COMES NOW Denali Fuel Company, Inc., by and through its attorneys, Amodio

Stanley & Reeves LLC, and, pursuant to Civil Rule 24, hereby moves this Court to allow Denali

Fuel Company, Inc. to intervene in the above-referenced lawsuit as a matter of right or as a matter

of discretion.  This Motion is supported by the attached Memorandum in Support of Motion to

Intervene.

-1-

DATED this 6th day of December, 2005 at Anchorage, Alaska.

AMODIO STANLEY & REEVES LLC
Attorneys for Intervenor DENALI FUEL
COMPANY, INC.

By: _____
    Thomas P. Amodio
    Alaska Bar No. 8511142

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of
December, 2005, a true and accurate
copy of the foregoing document was
faxed and mailed to

Richard Waller (907-276-2051)
Brown, Waller & Gibbs
821 N Street, Suite 103
Anchorage, Alaska 99501

Frank Pfiffner (907-263-8320)
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503-5931

Clay Young (907-277-1331)
Delaney, Wiles, Hayes Gerety, Ellis & Young
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501

Andrea Girolamo-Welp (907-276-2631)
Lane Powell LLC
301 W. Northern Lights Boulevard
Suite 301
Anchorage, Alaska 99503

and Hand Delivered to:

Alfred T. Clayton
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, Alaska 99501

By _____

-2-

MOTION TO INTERVENE
CASE NO. A05-162 CV (JKS)

Thomas P. Amodio
ASBA No. 8511142
AMODIO STANLEY & REEVES LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Telephone:    907-222-7100
Facsimile:    907-222-7199

Attorneys for Intervenor Denali Fuel Company, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY, and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY, ) ) ) ) ) ) ) ) ) ) ) | Case No. A05-162 CV (JKS) **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE OF DENALI FUEL COMPANY** |
| Defendants. ) | |

Denali Fuel Company, Inc. ("Denali" or "Intervenor") seeks to intervene in this lawsuit by and among Denali's insurance carriers, arising from their participation in settlement of insured claims against Denali. Plainly, Denali has a substantial interest in this lawsuit which may be impaired, and its interest is not adequately represented by any other party. Fed. R. Civ. P. 24(a) (2). Accordingly, Denali is entitled to intervene as a matter of right. Even if it did not have the right to

intervene, this Court should nevertheless permit Denali to intervene as a matter of discretion. Fed. R. Civ. P. 24(b)(2).

## RELEVANT FACTS

The lawsuit presently before this Court was filed by one of Denali's insurance carriers, Providence Washington Insurance Company ("Providence Washington"), against other Denali carriers, including Markel International Ltd., Royal Indemnity Co., U.S. Fidelity & Guaranty Co., and Industrial Indemnity Co. (collectively, with Providence Washington, "Denali's Carriers" or the "Carriers") who, collectively, provided coverage to settle two claims filed against Denali for environmental contamination. The dispute arises from the monies paid out by those Carriers to settle those claims. The claims involved The Alaskan Village, Inc. trailer park ("AVI") and the LaHonda Mobile Home Park ("LaHonda").

Denali installed underground fuel delivery systems at more than 30 trailer parks in around Anchorage, including AVI and LaHonda, sometime in the late 1960's or early 1970's. Denali operated the systems and/or delivered fuel to them for many years. Denali closed out the fuel delivery systems, or stopped delivering fuel to them, in the late 1970's through the early 1980's.

AVI and LaHonda brought claims against Denali alleging that the fuel delivery systems had caused environmental contamination on their trailer courts, resulting in damages and remediation costs. Denali tendered defense and indemnity of the claims to the Carriers. Most of Denali's Carriers participated in paying defense costs, and ultimately in settlement of the two claims against Denali.

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Denali has received notice of at least two additional claims against it for environmental contamination. One involves the Lazy Mountain trailer park in Eagle River ("Lazy Mountain"), and the other involves Totem Trailer Town ("Totem") here in Anchorage. No lawsuit has been filed in either case, but Denali has tendered the defense and indemnity of these two claims to Denali's Carriers.

Furthermore, most of the more than 25 additional trailer parks in which Denali installed the systems are still being operated as trailer parks. Some have been cleared, and a few have been redeveloped. Accordingly, Denali reasonably anticipates that there will be additional claims against it for environmental contamination and remediation, once these parks have been shut down, sold, or redeveloped.

Denali's Carriers have breached their duties to Denali in several respects. They have refused to pay in full Denali's defense costs incurred in the AVI case. They delayed settlement of the AVI case, thereby resulting in a greater depletion of Denali's insurance coverage than was necessary. In addition, although Denali has incurred defense costs in investigating and responding to the Lazy Mountain and Totem claims, several of Denali's Carriers have refused to reimburse Denali for these costs.

Providence Washington's counsel has informed Denali's counsel that Providence Washington is likely on the brink of being placed in liquidation or beginning to wind up its business, because the value of claims against it appear to exceed its ability to pay those claims.

As discussed below, these facts show that Denali has a "significantly protectable" interest in the subject of this lawsuit and has the right to intervene in this action. Alternatively, Denali should be permitted to intervene in the action.

## ARGUMENT

Federal Rule 24 governs intervention in a court action such as this one. Fed. R. Civ. P. 24. In this instance, Denali has the right to intervene in this lawsuit, both as a matter of right and as a matter of discretion.

### A.    **Denali is Entitled to Intervene as a Matter of Right.**

Intervention as a matter of right is governed by Federal Rule 24(a). Fed. R. Civ. P. 24(a). In the Ninth Circuit, courts apply a four-part test to determine if a party has the right to intervene under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001). *See also United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002).

The Ninth Circuit has determined that a federal district court must grant a motion to intervene if the applicant satisfies these four requirements. *Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.* [*CRP*], 309 F.3d 1113, 1119 (9th Cir. 2002), *citing United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

As a general rule, moreover, Federal Rule 24(a)(2) is liberally construed in favor of "potential intervenors," *Southwest Center for Biological Diversity*, 268 F.3d at 818, because it "'serves both efficient resolution of issues and broadened access to the courts,'" *U.S. v. L.A.*, 288 F.3d at 397-98, *quoting Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (internal quotation omitted). In applying the test, federal courts are guided primarily by "'practical considerations,' not technical distinctions." *Southwest Center for Biological Diversity*, 268 F.3d at 818, *quoting United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986). As the Ninth Circuit has observed: "'By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'" *U.S. v. L.A.*, 288 at 398, *quoting Forest Conservation Council*, 66 F.3d at 1496 n.8 (internal quotation omitted). Thus, where a party seeking intervention will be substantially affected in a practical sense by the determination made in the action, the party is generally entitled to intervene. *U. S. v. Stringfellow*, 783 F.2d at 826.

The test is plainly satisfied in the present case. First, intervention is timely. This lawsuit was only removed to federal court several months ago, and little more than the Amended Complaint and Answers have been filed. Little or no discovery has yet been conducted, and little of substance has yet occurred. Second, Denali has a "significantly protectable" interest relating to the property or transaction that is the subject of the action—in fact, it is Denali's insurance coverage that has given rise to Providence Washington's lawsuit against Denali's other insurance carriers.

Third, Denali is so situated that the disposition of this action may, as a practical matter, impair or impede its ability to protect its interest: Denali has limited insurance coverage, a portion of which has already been consumed in the settlement of two claims, and there are at least several more potential claims of which Denali is aware. Finally, Denali's interest is not adequately represented by any of the existing parties. Indeed, Denali's interest may be adverse to that of the other parties, and they seek to protect their own interests, not Denali's. Accordingly, Denali is entitled to intervene as a matter of right under Federal Rule 24(a)(2).

### 1. Intervention is, Without Doubt, Timely.

Timeliness of a motion to intervene is a flexible concept. *See Blake v. Pallan*, 545 F.2d 947, 951-52 (9th Cir. 1977). In *Blake*, the court found a motion to intervene timely even though it was brought 11 months after the action was filed. *Id.* The Ninth Circuit evaluates three factors to determine whether a motion to intervene is timely:

> "(1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."

*Dep't of Toxic Substances Control v. CRP*, 309 F.3d at 1119, *quoting U.S. v. Washington*, 86 F.3d at 1503.

In the present case, the lawsuit is in a preliminary phase, and no matters of substance have yet occurred. Under the circumstances, there is no doubt that this motion is timely. The case was removed from state Superior Court to federal District Court, and the defendants have filed answers to Providence Washington's complaint or amended complaint. To Denali's knowledge and

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

belief, little or no discovery has yet been conducted, and no issues or motions of substance have yet been decided.[1]  Further, there will be no delay or prejudice to the other parties.

Accordingly, Denali's motion to intervene is undoubtedly timely.

### 2.    Denali Has a "Significantly Protectable" Interest in the Subject of this Action.

Whether the applicant for intervention demonstrates "sufficient interest in an action is a practical, threshold inquiry." *Southwest Center for Biological Diversity*, 268 F.3d at 818, *quoting Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).  According to the Ninth Circuit, "'[n]o specific legal or equitable interest need be established.'" *Id.* at 818, *quoting Greene v. U.S.*, 996 F.2d at 976.  In fact, it is "'generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protectable interest and the claims at issue.'" *Id., quoting Sierra Club v. United States EPA,* 995 F.2d 1478, 1484 (9th Cir. 1993).  Thus, the "interest" test is "'primarily a practical guide disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *U.S. v. L.A.*, 288 F.3d at 398, *quoting County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).  As a result, "Rule 24 traditionally has received a liberal construction in favor of applications for intervention." *Waller v. Financial Corp. of America*, 828 F.2d 579, 582 (9th Cir. 1987) (citations omitted).

In this instance, Denali's interest is direct, substantial and, under the Ninth Circuit test, "significantly protectable."  Denali is the insured party, and the settlement of insured claims

---

[1] Denali recently learned that Plaintiff Providence Washington filed a Motion for Partial Summary Judgment as to Count 4 of Defendant Markel International's counterclaim.  This does not alter the conclusion that Denali's Motion is timely: the Motion was just filed, and relates only to one of several counterclaims.

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

against Denali gave rise to the litigation.  In fact, one could even describe Denali as the "real party in interest" in the present lawsuit, since it is the proper application and assessment of Denali's insurance coverage that forms the subject of the action.  Denali has an important interest in seeing that its insurance coverage is properly applied, and is accorded its full value.  As Denali has shown, there are potential claims that are "waiting in the wings," and Denali has a significant interest in protecting its insurance coverage and in providing for defense and indemnity against these additional claims.

Accordingly, Denali clearly has a significantly protectable interest in these proceedings.

**3.    Denali's Ability to Protect its Interest May be Impaired or Impeded as a Result of the Disposition of this Action.**

According to the Ninth Circuit, the prospect of *stare decisis* alone may "supply the requisite practical impairment warranting intervention of right." *U.S. v. Stringfellow*, 783 F.2d at 826.

As discussed in Section 2 above, Denali has a "significantly protectable" interest in this action.  In fact, it is difficult to imagine an intervenor having a more significant interest in a pending lawsuit than Denali does here.  Denali's interest will be affected by decisions made in this lawsuit.  Providence Washington seeks to have its share paid in settlement reduced.  At the same time, however, because of Providence Washington's (and the other Carrier's) delays in agreeing to a settlement in AVI, Denali's coverage has been unreasonably and unnecessarily depleted.  Further, Providence Washington's counsel has informed Denali that Providence Washington is on the brink of being placed in liquidation or beginning to wind up its affairs.  Accordingly, Providence

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Washington may be unable to participate in the defense and indemnity of future claims against Denali, or may be unable to pay its allotted share. Accordingly, any money that Providence Washington recovers in this action should be placed in trust for Denali, to defend against future claims and protect Denali's interests.

Clearly, Denali's interest may be impaired or impeded as a result of this action.

### 4.    Denali's Interests are Not Adequately Represented by any Existing Party.

Although the potential intervenor bears the burden of showing inadequate representation, *Northwest Forest Res. Council v. Glickman*, 92 F.3d 825, 838 (9th Cir. 1996), the burden is minimal: the party seeking intervention need only show that the representation of its interests by the existing parties "may be" inadequate. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). *See also U.S. v. Stringfellow*, 783 F.2d at 827.

In evaluating whether another party adequately represents an intervenor's interests, the Ninth Circuit considers three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*U.S. v. L.A.*, 288 F.3d at 398, quoting *Northwest Forest Resource Council*, 92 F.3d at 838.

No existing party can adequately represent Denali's interest. Providence Washington and the other Carriers are clearly seeking to protect their own interests, not Denali's. Their continued history of delayed payments, partial payments and underpayments, even after having accepted Denali's tender of defense, underscores that none of them is seeking to protect

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Denali's interest. All of the other parties are Denali's insurers; Denali is the only party that represents the insured, Denali. Finally, it is unlikely that any other party will advance all of the arguments or issues that Denali advances.

Since Denali's interest is not adequately represented by an existing party, Denali is therefore entitled to intervene as of right in this action.

**B.      Even if Intervention as of Right were Inappropriate, the Court should Exercise its Discretion and Permit Denali to Intervene in this Action.**

Permissive intervention is governed by Federal Rule 24(b)(2), which provides:

> Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original party.

Fed. R. Civ. P. 24(b). *See* 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 1911 at 354-407 (2d ed. 1986), and 3B J. Moore and J. Kennedy, *Moore's Federal Practice* ¶ 24.10 (2d ed. 1987). An applicant seeking permissive intervention must satisfy three threshold requirements. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The applicant must show:

> (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdictions over the applicant's claims.

*Id.*

As discussed in Section A above, Denali has a significantly protectable interest in the subject of this action, an interest which may be impaired as a result of the action. At a minimum, therefore, this Court should permit Denali to intervene under Rule 24(b)(2) so that Denali may protect its interest. The test for permissive intervention is clearly met in this instance.

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

First, as shown previously, intervention is timely. Second, Denali's issues and arguments and the main action have many questions of law and fact in common. Denali seeks to have its rights as the insured, and the duties of its insurers, confirmed by the Court. As previously noted, all of the other parties are Denali's insurers. Third, intervention will not unduly delay these proceedings, or prejudice adjudication of the rights of Plaintiff or Defendants. To the contrary, it is Denali's rights that may be prejudiced if is denied intervention. Further, Denali will abide by any scheduling ordered by the Court.

Accordingly, Denali should be permitted to intervene under Civil Rule 24(b)(2).

## CONCLUSION

For the foregoing reasons, Denali is entitled to intervene as of right in this action under Civil Rule 24(a)(2). Alternatively, Denali should be permitted to intervene as a matter of discretion under Civil Rule 24(b)(2). Accordingly, this Court should allow Denali to intervene in this lawsuit.

DATED this 6th day of December 2005 at Anchorage, Alaska.

AMODIO STANLEY & REEVES LLC
Attorneys for Intervenor DENALI FUEL
COMPANY, INC.

By: _____
Thomas P. Amodio
Alaska Bar No. 8511142

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of
December, 2005, a true and accurate
copy of the foregoing document was
faxed and mailed to

Richard Waller (907-276-2051)
Brown, Waller & Gibbs
821 N Street, Suite 103
Anchorage, Alaska 99501

Frank Pfiffner (907-263-8320)
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503-5931

Clay Young (907-277-1331)
Delaney, Wiles, Hayes Gerety, Ellis & Young
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501

Andrea Girolamo-Welp (907-276-2631)
Lane Powell LLC
301 W. Northern Lights Boulevard
Suite 301
Anchorage, Alaska 99503

and Hand Delivered to:

Alfred T. Clayton
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, Alaska 99501

By _Gloria H Ethier_

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

**LODGED**

**DEC 0 6 2005**

Thomas P. Amodio
ASBA No. 8511142
AMODIO STANLEY & REEVES LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Telephone:    907-222-7100
Facsimile:    907-222-7199

Attorneys for Intervenor Denali Fuel Company, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE )<br>COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARKEL INTERNATIONAL LIMITED, )<br>ROYAL INDEMNITY COMPANY, UNITED )<br>STATES FIDELITY AND GUARANTY )<br>COMPANY, INDUSTRIAL INDEMNITY )<br>COMPANY, and ALL WEST INSURANCE )<br>COMPANY, and their authorized adjuster )<br>UNITED STATES FIRE INSURANCE )<br>COMPANY, )<br>)<br>Defendants. )<br>)_____ ) | Case No. A05-162 CV (JKS)<br><br>**ANSWER, COUNTERCLAIM,<br>AND CROSS CLAIMS OF<br>DENALI FUEL COMPANY** |

COMES NOW, Intervenor Denali Fuel Company, Inc. ("Denali"), by and through

its counsel, Amodio Stanley & Reeves LLC, and answers the allegations of Plaintiff Providence

Washington's Amended Complaint ("Complaint") as follows:

1.    Upon information and belief, Denali admits the allegations of paragraph 1

of the Complaint.

AMODIO STANLEY & R EEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

-1-

AMODIO STANLEY & R EEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

2.    Upon information and belief, Denali admits the allegations of paragraph 2 of the Complaint.

3.    Upon information and belief, Denali admits the allegations of paragraph 3 of the Complaint.

4.    Upon information and belief, Denali admits the allegations of paragraph 4 of the Complaint.

5.    Upon information and belief, Denali admits the allegations of paragraph 5 of the Complaint.

6.    Paragraph 6 of the Complaint contains legal conclusions which require no answer.  To the extent that an answer is necessary, Denali admits that this Court has jurisdiction over this dispute.

7.    Denali admits paragraph 7 of the Complaint.

8.    Denali admits paragraph 8 of the Complaint.

9.    Denali admits paragraph 9 of the Complaint.

10.    Although Denali admits paragraph 10 of the Complaint, paragraph 10 is incomplete because (a) PW Policy GLA-04-76-09, from 3-1-78 to 3-1-79, had a $300,000 aggregate limit for property damage, and (b) upon information and belief, all 6 PW policies had coverage for unlimited Rule 82 fees.

11.    Upon information and belief, Denali admits the allegations of paragraph 11 of the Complaint.

12.    Upon information and belief, Denali admits the allegations of paragraph 12 of the Complaint.

-2-

13.    Upon information and belief, Denali admits the allegations of paragraph 13 of the Complaint.

14.    Upon information and belief, Denali admits the allegations of paragraph 14 of the Complaint.

15.    Upon information and belief, Denali admits the allegations of paragraph 15 of the Complaint.

16.    Denali admits paragraph 16 of the Complaint.

17.    Denali admits paragraph 17 of the Complaint.

18.    Denali admits paragraph 18 of the Complaint.

19.    Denali admits paragraph 19 of the Complaint.

20.    Denali admits paragraph 20 of the Complaint.

21.    Denali admits paragraph 21 of the Complaint.

22.    Denali is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies them.

23.    Paragraph 23 of the Complaint contains legal conclusions which require no answer.  To the extent that an answer is necessary, Denali denies the allegations of paragraph 23.

24.    Paragraph 24 of the Complaint contains legal conclusions which require no answer.  To the extent that an answer is necessary, Denali denies the allegations of paragraph 23.

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

-3-

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

AMODIO STANLEY & R EEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

2.    The Complaint seeks no relief against Intervenor Denali.

3.    Denali reserves the right to assert additional affirmative defenses disclosed during the course of discovery.

## COUNTERCLAIM AND CROSS CLAIMS

COMES NOW Counterclaimant DENALI FUEL COMPANY, INC. and as its counterclaim against Counterclaim Defendant PROVIDENCE WASHINGTON INSURANCE COMPANY, and its cross claims against Cross-Claim Defendants MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY & GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY, and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY, alleges and claims as follows:

1.    Denali Fuel Company, Inc. is a corporation formed under the laws of the State of Alaska and is fully qualified to maintain this counterclaim and cross claims.

2.    Counterclaim Defendant Providence Washington Insurance ("PW") is a corporation in accordance with paragraph 1 of its Complaint, is amenable to suit in Alaska, and is subject to the jurisdiction of this Court.

3.    Cross Claim Defendants Markel International Limited ("Markel"), Royal Indemnity Company ("Royal"), United States Fidelity & Guaranty Company ("USF&G"), Industrial Indemnity Company ("Industrial"), All West Insurance Company ("All West"), and their authorized adjuster, United States Fire Insurance Company ("U.S. Fire") are corporations in accordance with paragraphs 2 through 5 of PW's Complaint, are amenable to suit in Alaska, and

-4-

are subject to the jurisdiction of this Court. (Markel, Royal, USF&G, Industrial, All West and U.S. Fire hereafter collectively referred to as "Cross Claim Defendants.)

4.    Each of the Cross Claim Defendants and PW insured Denali and/or one or more Denali subsidiaries at various times from 1969 through 1991, as further described in paragraphs 10 through 15 of PW's Complaint.

5.    Each of the Cross Claim Defendants and PW accepted tender of defense and, with or without reservation, tender of indemnity of the claim brought by The Alaska Village Corporation ("AVI") against Denali. Although PW, Industrial, Markel and Royal contributed to the settlement of the AVI claim, as further described in paragraph 20 of PW's Complaint, Denali's defense costs have not been paid in full, despite repeated demands, even though more than a year has passed since the settlement was consummated.

6.    PW and the Cross Claim Defendants, despite repeated demands for settlement of the AVI claim, delayed settling the claim for more than one year, thereby resulting in a higher settlement amount paid to AVI. This resulted in a greater depletion of Denali's overall insurance coverage.

7.    Several of the Cross Claim Defendants and PW accepted tender of defense and, with or without reservation, tender of indemnity of two additional claims being asserted against Denali, Totem Trailer Town ("Totem") and Lazy Mountain Trailer Park ("Lazy Mountain"). Despite repeated demands, Denali's defense and investigation costs incurred in Totem and Lazy Mountain remain unpaid, in full or in part.

8.    Upon information and belief, Denali anticipates that there may be additional claims for environmental contamination brought against it. For example, in the late

-5-

AMODIO STANLEY & R EEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

1960's through early 1970's, Denali installed and/or operated underground fuel delivery systems in more than 30 trailer parks in and around Anchorage, including AVI and Totem.

9.      Although Denali closed down the underground fuel delivery systems and/or stopped delivering fuel to the systems, in the late 1970's through the early 1980's, nearly 20 of the trailer parks are still in operation as trailer parks.

10.     Upon information and belief, PW may be on the brink of being placed in liquidation, winding up its affairs, or otherwise be unable to pay insured claims of its insureds, such as Denali, in full.

11.     Although Denali entered into a settlement agreement and release with PW and one or more of the Cross Claim Defendants relating to the AVI claim, Denali did not settle or release its claims for full attorneys' fees, and did not settle or release any future claims for defense costs or indemnity relating to future claims or to claims other than the AVI claim.

### Count I
### (Breach of Duty to Pay Defense Costs)

12.     Denali realleges and incorporates herein the allegations contained in paragraphs 1 through 11 of its counterclaim and cross claims.

13.     PW and the Cross Claim Defendants breached their duty to Denali by accepting Denali's tender of defense of the AVI claim and failing to pay in full Denali's defense costs.

14.     PW and the Cross Claim Defendants have breached, and are breaching, their duty to Denali by accepting Denali's tender of defense of the Totem and Lazy Mountain claims and failing to pay Denali's defense costs.

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

-6-

15.    Denali has been damaged by PW's and Cross Claim Defendants' breaches, and continues to suffer damage, by incurring costs in trying to collect its defense costs

16.    These breaches have caused Denali damage, in an amount to be determined at trial.

## Count II
### (Creation of Trust)

17.    Denali realleges and incorporates herein the allegations contained in paragraphs 1 through 16 of its counterclaim and cross claims.

18.    Denali is the real party in interest with respect to PW's claims, since it is Denali's insurance coverage from which the dispute arises.

19.    In light of the danger that PW may be unable to honor, in full, future claims tendered by its insureds, such as Denali, the recovery by PW of any amounts from Royal or the other Defendants should be placed in trust for the benefit and protection of Denali.

## Count III
### (Declaratory Judgment and Relief)

20.    Denali realleges and incorporates herein the allegations contained in paragraphs 1 through 19 of its counterclaim and cross claims.

21.    Denali requests a declaratory judgment for future claims, including but not limited to Lazy Mountain and Totem, relating to payment of full defense costs.

22.    Denali requests such a ruling to protect its interests and to be able to provide a full defense.  PW and the Counterclaim Defendants have disputed the hourly fees charged by Denali's counsel, specific charges incurred by Denali in its defense, and other issues relating to Denali's defense and defense costs.

AMODIO STANLEY & R EEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

-7-

23.    In the absence of a declaratory ruling, Denali will be required to fight with PW and the other Counterclaim Defendants regarding payment, as each claim is asserted, even after the tender of defense has been accepted.

24.    Accordingly, Denali is entitled to declaratory relief that, among other things, directs PW and the Counterclaim Defendants to pay Denali's defense costs in full from the date of initial tender of claims until resolution of the claims.

### PRAYER FOR RELIEF

WHEREFORE, Intervenor and Counterclaimant DENALI FUEL COMPANY, INC. prays for the following relief against Counterclaim Defendant PROVIDENCE WASHINGTON INSURANCE COMPANY and Cross Claim Defendants MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY & GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY, and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY:

1.    That Plaintiff's complaint be dismissed.

2.    That Plaintiff take nothing by reason of its complaint.

3.    For a money judgment against PW and the Counterclaim Defendants for breach of their duty to defend, in an amount to be proven at trial.

4.    For a judgment against PW that any money recovered by PW in its lawsuit against the Defendants be placed into a trust for the benefit of Denali, and for its defense and indemnity against other claims.

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

-8-

5.     For a declaratory judgment directing PW and the Counterclaim Defendants

to pay in full Denali's defense costs in all existing and future claims.

6.     For an award of prejudgment interest.

7.     An award of costs and attorneys' fees.

8.     For such other and further relief as the Court finds to be appropriate.

DATED this 6th day of December, 2005 at Anchorage, Alaska.

AMODIO STANLEY & REEVES LLC
Attorneys for Intervenor DENALI FUEL
COMPANY, INC.

By: _____
      Thomas P. Amodio
      Alaska Bar No. 8511142

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of
December, 2005, a true and accurate
copy of the foregoing document was
faxed and mailed to

Richard Waller (907-276-2051)
Brown, Waller & Gibbs
821 N Street, Suite 103
Anchorage, Alaska 99503-5931

Clay Young (907-277-1331)
Delaney, Wiles, Hayes Gerety, Ellis & Young
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501

and Hand Delivered to:

Alfred T. Clayton
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, Alaska 99501

By _____

Frank Pfiffner  (907-263-8320)
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99501
Anchorage, Alaska 99501

Andrea Girolamo-Welp (907-276-2631)
Lane Powell LLC
301 W. Northern Lights Boulevard
Suite 301
Anchorage, Alaska 99503

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

-9-