RECEIVED
AFTER 4:30 P.M.

FILED
DEC 19 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

Andrea E. Girolamo-Welp, ASBA 0211044
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
girolamoa@lanepowell.com

Attorneys for Markel International Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA AT ANCHORAGE

PROVIDENCE WASHINGTON INSURANCE COMPANY,

    Plaintiff,

v.

MARKEL INTERNATIONAL LIMITED ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,

    Defendant.

Case No. A05-162 CV (JKS)

**OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Markel International Limited ("Markel"), by and through its counsel of record, hereby opposes Providence Washington's Motion for Partial Dismissal of Markel's Counterclaim.

**Introduction**

    Denali Fuel's *CHI* counsel charges $200.00 an hour for its defense of Denali Fuel. Except for Providence Washington, all Denali Fuel's insurers have paid $200.00 an hour. Instead, Providence Washington, which has six primary policies covering six years, only pays the insured's

*CHI* counsel $165.00 an hour. Providence Washington's refusal to pay $200.00 an hour has created a windfall to it, to the detriment of the other insurers as well as the insured.

Despite Providence Washington's unreasonable position with respect to *CHI* counsel's attorneys fees, the prejudice this position has caused to all involved, as well as the existence of agreements binding on Providence Washington and representations made by it both orally and in writing with respect to sharing of indemnity payments and defense costs, Providence Washington brought suit against the other insurers requesting a reallocation of payments made. Given Providence Washington's continued breach of its agreements made with the insurers as well as breach of duties to the insured, Markel answered Providence Washington's Complaint and counterclaimed. *See Exhibit A*, Markel's Answer, Affirmative Defenses and Counterclaim. Part of the Counterclaim, Count Four is titled "Equitable Subrogation." *Id.* at pp. 13-14.

Now, Providence Washington has moved to dismiss Count Four of Markel's Counterclaim, on the basis that this Court lacks subject matter jurisdiction pursuant to an Alaska Statute that controls the appointment of independent counsel where a conflict of interest arises that imposes a duty on the insurer to provide independent counsel to the insured. *See* AS 21.89.100. Providence Washington's argument lack both legal merit and factual support. The principle of equitable subrogation is a well-recognized remedy for contribution between insurers where one or more insurers have failed to contribute their fair share. Courts have long-employed the principle of equitable subrogation to disgorge insurers from windfalls created by an insurer's breach of its duties.

A. **The Principle of Equitable Subrogation is a Legitimate Remedy for Providence Washington's Breach of its Duty to Defend.**

The doctrine of equitable subrogation is a legal fiction through which one "stands in the shoes" of another. However, in cases where an insurer has breached its obligation to defend, and

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

another insurer has borne more than its share of defense costs, many courts, including the Alaska Supreme Court have employed the *principle* of equitable subrogation to hold that defense costs must be shared on a pro rata basis in order to disgorge the breaching insurer from the windfall it receives by withholding defense costs. *See Continental Ins. Co. v. United States Fidelity and Guar. Co.,* 528 P.2d 430, 435 (Alaska 1974); *Marwell Construction, Inc. v. Underwriters at Lloyd's, London,* 465 P.2d 298, 313 (Alaska 1970); *see also Valentine v. Aetna Ins. Co.* 564 F.2d 292, 296 (9th Cir. 1977) (recognizing California cases allowing insurers to bring other causes of action against other insurers under the principle of equitable subrogation); *Continental Casualty Co. v. Zurich Ins. Co.,* 366 P.2d 455, 461 (Cal. 1961) (principles of equitable subrogation used to make all obligated carriers who refused to defend share in costs of insured's defense).

Here, while Providence Washington has borne some of the insured's costs of defense, by only paying insured's counsel $165 per hour, while the other insurers pay $200 per hour, it has failed to pay its pro rata share and is receiving a windfall consisting of the funds it has improperly withheld. Therefore, this Court should likewise employ the *principle* of equitable subrogation and disgorge Providence Washington of this windfall; forcing it to pay the $200.00 per hour charged Insured's *CHI* counsel.

**B. Markel's Claim for Equitable Subrogation is an Appropriate Remedy to Seek Contribution from Providence Washington.**

Providence Washington's attempt to box Markel in to one use of the term equitable subrogation must fail. Based on the discussion above, as well as from the context of Count Four, it is plain that Markel seeks equitable relief from this Court, in the form of an order causing Providence Washington to be bound by its contractual agreement to contribute its proper portion to the defense of its insured. This type of a claim is perhaps more familiarly referred to as a claim for contribution.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

On June 21, 2004, Providence Washington and Markel executed an *Agreement in Principle* providing for the amount of insurers contributions to defense costs essentially on a time on the risk basis. Providence Washington has failed to properly reimburse insured's counsel for its pro rata share of defense costs at the rate of $200.00 an hour, resulting in a shortfall. This shortfall is prejudicial to the other insurers. The *Agreement* did not provide, nor was Providence Washington ever advised that its obligation to the other insurers and the insured allowed it to contribute anything less than full defense costs. *See Exhibit A*, Agreement in Principle, at pp. 16-19. Therefore, Providence Washington should be compelled to contribute at the agreed-upon rate and properly meet its obligation to the other insurers as well as to the insured.

All agree that the doctrine of equitable subrogation can be described as a legal fiction through which one "stands in the shoes" of another. Here, it is clear that Markel does not stand in the shoes of its insured, Denali Fuel. As evidence by recent filings, Denali Fuel is filling its own shoes by moving to intervene and making its own claim *vis a vis* Providence Washington's failure to pay its share of defense costs. Rather, Markel has properly used the principle of equitable subrogation to demand that Providence Washington be held to its agreements and made to contribute its pro rata share.

C.  **Markel, as another Insurer, is not Within the Intended Scope of AS 21.89.100.**

Providence Washington's argument that Markel is bound by AS 21.89.100(d) is inapposite. Even under the "stand in the shoes of" manifestation of the doctrine of equitable subrogation, Markel is not bound by the arbitration mandate of AS 21.89.100(d). Alaska Statute 21.89.100 addresses the oftentimes problematic relationship between an insurer and an insured in terms of legal representation when a conflict of interest exists. The Legislature attempted to create a

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

balance between the insurer and insured where neither can take advantage of the other in the context of the hiring and payment of independent counsel. To that end, arbitration was chosen as the resolution mechanism between the parties where a dispute arises with respect to attorneys fees.

However, equitable subrogation is a legal *fiction*, and no one could legitimately argue that even by stepping into the shoes of the insured, Markel would be in the same actual position *vis a vis* Providence Washington as their insured. Rather, Markel and Providence Washington are on relatively equal footing and no disadvantage exists to having this issue adjudicated by the Court rather than through arbitration. In enacting AS 21.89.100, surely the Legislature never contemplated a situation such as the one at issue where multiple insureds agreed to a splitting of the defense costs of an Insured, only to one of the insurers, Providence Washington, refuse to pay its appropriate share of the fee charged by Insured's independent counsel.

Further, as all the insurers are before the Court at this time and are litigating issues stemming from the same common facts, the principles of judicial economy demand that Count Four remain before the Court and be resolved along with the other related issues.

**Conclusion**

Providence Washington has refused and continues to refuse to pay a reasonable rate to insured's *CHI* counsel, despite the fact that all other insurers contribute at that rate. Then, Providence Washington, in breach of its agreements both written and spoken, brought suit against its fellow insurers for reallocation of already paid sums. Now, Providence Washington attempts to apply an Alaska Statute, clearly intended solely for the benefit and protection of the insurer/insured relationship when a conflict arises, to Markel, another insurer, to continue in its shirking of its duties both to its insured as well as the other insurers. Based on the well-recognized principle of equitable

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

subrogation, this Court should reject Providence Washington's red-herring argument regarding subject matter jurisdiction and instead hold that Markel is entitled to its claim for contribution.

Therefore, for all the reasons presented above, Markel respectfully requests that this Court deny Providence Washington's Motion for Partial Dismissal of Markel's Claim.

DATED this 19th day of December, 2005.

LANE POWELL LLC<br>
Attorneys for Defendant Markel International Limited,<br>
successor in interest to Terra Nova<br><br>
By /s/ Andrea E. Girolamo-Welp<br>
Andrea E. Girolamo-Welp, ASBA 0211044

I certify that on December 19, 2005, a copy of the foregoing was served by mail on:

Richard Waller, Brown, Waller & Gibbs
821 N Street, Ste 103, Anchorage, AK 99501

Andrew Moses, Tom Gordon
Gordon & Polscer LLC
9755 SW Barnes Rd., Ste. 650, Portland OR 97225

Frank Pfiffner, Hughes Bauman Pfiffner Gorski Seedorf
3900 C St., Ste. 1001, Anchorage, AK 99503-5931

Mark Thorsrud, Thorsrud, Cane & Paulich
1325 4th Ave., Ste., 1300, Seattle, WA 98101

Clay Young, Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W 3rd Ave, Ste 400, Anchorage, AK 99501

Alfred Clayton, Jr., Bliss Wilkens & Clayton
500 L Street, Suite 200, Anchorage, AK 99501

/s/ A. E. Girolamo-Welp

052738.0001/152527.1

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631