IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. A05-162 CV |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE**

Denali Fuel Company, Inc. ("Denali") has moved to intervene in the above caption litigation on the basis that is entitled to intervene as a matter of right under F.R.C.P. 24(a)(2) or alternatively it should be permitted to intervene under F.R.C.P. 24(b)(2). As more fully elaborated upon below, Denali neither has a right to intervene nor should it be permitted to intervene.

Denali correctly points out that the 9th Circuit in Southwest Center for Biological

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene
*Providence Washington v. Markel International, et al.*

Page 1
Case No. 3AN-05-8317 CI

Diversity v. Berg, 268 F.3d 810, 817-18 (2001) has applied a four part test to determine if a party has a right to intervene:

(1) The application to intervene must be timely;

(2) The applicant must have a "significantly protectable" interest relating to the property or the transaction that is the subject of the action;

(3) The applicant must be so situated that the disposition the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and

(4) The applicant's interest must not be adequately represented by the existing parties in the lawsuit.

Plaintiff Providence Washington Insurance Company ("Providence Washington") concedes that Denali's application is timely. Providence denies that Denali has any significantly protectable interest relating to the property or transaction that is the subject of this action. In Providence's complaint it seeks a reallocation of the amounts paid by the plaintiff and defendants to settle the two underlining actions involving two former trailer parks, the Alaskan Village and the LaHonda Mobile Home Park. Denali's insurers settled the LaHonda Mobile Home Park case on behalf of Denali for one hundred thousand dollars ($100,000.00) and the Alaskan Village claim for one million five hundred thousand dollars ($1,500,000.00). Denali has no standing to object to the amount each insurer paid to effectuate the settlements. At all times relevant herein the standard comprehensive general liability insurance coverage form developed by the Insurance Services Office and used by the plaintiff and defendants provided in part that:

I. **COVERAGE A - BODILY INJURY LIABILITY**

**COVERAGE B - PROPERTY DAMAGE LIABILITY**

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene　　　　　　　　　　　　　　　　　　　　Page 2
*Providence Washington v. Markel International, et al.*　　　　　　　　　　　　Case No. 3AN-05-8317 CI

> The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of
>
> **A.    bodily injury or**
>
> **B.    property damage**
>
> to which this insurance applies, caused by an **occurrence,** and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage,** even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgements or settlements.[1]

Denali's assertion that its insurers "delayed settlement of the AVI case, thereby resulting in a greater depletion of Denali's insurance coverage than was necessary" presupposed that an insured has the right to force its insurer/s to settle a case. No such right exists. By contract the insurer may settle claims against its insured "as it deems expedient." Denali's claim that it has a significantly protectable interest is essentially a claim that the insurers acted in bad faith. A review of Providence Washington's Complaint reflects no claim of bad faith is raised, only a request that the settlement contributions made by each of the insurers be reallocated. Even if at some point in the underlying cases settlement could of been reached at a lesser amount "no court has held an insurance company must accept all settlement demands." Moutsopoulous v. American Mutual Insurance Co., 607 P.2d 1185, 1187 (7th Circuit 1979). An insurance company only "owes the insured a duty of good faith when rejecting a settlement." Here the insurers did

---

[1] Excerpts from the 1973, 1986, and 1992 ISO forms are attached as Exhibit A. They all provide that settlement is within the discretion of the insurers.

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene                                    Page 3
*Providence Washington v. Markel International, et al.*                Case No. 3AN-05-8317 CI

not reject a settlement. Of particular significance here is the fact that each of Denali's insured were defending under a reservation of rights based on a number of coverage defenses including each carriers respective pollution exclusion.[2] Where an insurer has policy or coverage defenses an outright refusal to settle does not constitute bad faith. Mowry v. Badger State Mutual Casualty Co., 385 N.W. 2d 171, 180-81 (Wisconsin 1986). Since the insurers could actually refuse to settle and not be in bad faith they certainly were not in bad faith, to settle the two underlining cases in accordance with the demands of Denali. Denali has failed to cite a single case in support of its position that it has a "significantly protectable" interest in the subject matter of this action.[3]

Denali's request that any recovery made by Providence Washington be placed in trust for its benefit is not a legally protectable interest nor does it have any relationship to Plaintiff's request for reallocation for indemnity payments. Moreover, the underlying basis for Denali's requested relief - that a trust be created in its favor for any moneys recovered by Providence Washington - is specious. As reflected in Exhibit B Providence Washington is "runoff," in other words it is not underwriting any further business but nevertheless is meeting its obligation in respect to all filed claims. It is not insolvent. Even if the case were otherwise Denali would be protected under the Alaska Insurance Guarantee Fund. See AS 21.80.010. There is absolutely no basis upon which Denali should be accorded preferential treatment vis-a-vis Providence Washington's other insureds nor is there any basis for Denali's claims that its coverage has been unreasonably and unnecessarily depleted. Denali has admitted the existence of $6.1

---

[2] Industrial Indemnity originally accepted Denali's tender without reservation but later asserted its reservation in June of 2004.

[3] Equally it has failed to support its Motion to Intervene with any admissible evidence.

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene  Page 4
*Providence Washington v. Markel International, et al.*  Case No. 3AN-05-8317 CI

million dollars of available primary coverage, of which only $1.6 million dollars has been depleted. In excess of $50 million dollars in excess has been identified. See Exhibit C. Only two other claims have been asserted. One related to the Lazy Mountain Trailer Court and the other Totem to Trailer Town. Those two claims were tendered to Denali on November 15th, 2002 and October 20th, 2003 respectively. See Exhibits D & E. And yet no additional suits against Denali have been filed. Denali's suggestion that its available insurance coverage has been depleted such that it risks being uninsured for future claims is devoid of any evidential support. Denali's insurance coverage has not been unnecessarily depleted and the possibility of future claims is speculative.

Denali's argument that the carriers have not complied with their respective obligations to pay its defense costs is similarly without merit. As elaborated upon in Providence Washington's pending Motion for Dismissal of Count Four of Markel International Limited's Counterclaim which is incorporated herein by reference.

> A dispute between the insured and insurer regarding attorneys fees that is not resolved by the insurance policy or this section shall be resolved by arbitration under AS.09.43.

AS 21.89.100(d).

This statutory scheme governing the appointment of independent counsel provides the exclusive means for the insured to resolve with its insurers an issue in connection with the payment of the insured's attorneys fees. As such this court has no subject matter jurisdiction over Denali's claim that the insurers have not paid its defense fees in full. Denali was reminded of its entitlement to arbitration early on. See Exhibit F.

Nor has Denali met the threshold test for permissive intervention - - that there exist

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene　　　　　　　　　　　Page 5
*Providence Washington v. Markel International, et al.*　　　　　Case No. 3AN-05-8317 CI

common question of law and fact between its claims and Providence Washington's request for equitable reallocation of the carriers' contributions to the underlying settlements. As discussed above, the gravamen of Denali's complaint in intervention sounds in bad faith. No bad faith issues are raised in this action.

## CONCLUSION

Denali having failed to meet the test for intervention as a matter of right or permissive intervention, its motion should be denied.

DATED this 3rd day of January, 2006, at Anchorage, Alaska.

> BROWN, WALLER & GIBBS
> Attorneys for Plaintiff
>
> By: _____
> Richard L. Waller
> Alaska Bar No.7805025

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene
*Providence Washington v. Markel International, et al.*

Page 6
Case No. 3AN-05-8317 CI

Certificate of Service
I HEREBY CERTIFY that on this 3rd,
day of January 2006, a true and accurate copy
of the foregoing was mailed to the following:

Andrea Girolamo-Welp — Hand delivery
Lane Powell LLC
301 W. Northern Lights Blvd, Suite 301
Anchorage, AK 99503-2648

Frank A. Pfiffner — Hand delivery
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, AK 99503

Alfred T. Clayton — Hand delivery
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501

Clay A. Young — Hand delivery
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue
Anchorage, AK 99501

Katie Matison — ~~Hand delivery~~
Lane, Powell, Spears, Lubersky
US Bank Centre
1420 5TH Avenue, Suite 4100
Seattle, WA 98101-2338

Mark N. Thorsrud
Thorsrud, Cane & Paulich, Inc.
1300 Puget Sound Plaza
1325 Fourth Avenue
Seattle, WA 98101

*Reece Dringle* (signature)
Reece Dringle

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Memorandum in Opposition to Motion to Intervene
*Providence Washington v. Markel International, et al.*

Page 7
Case No. 3AN-05-8317 CI