Thomas P. Amodio
ASBA No. 8511142
AMODIO STANLEY & REEVES LLC
500 L Street, Suite 300
Anchorage, Alaska 99501
Telephone:   907-222-7100
Facsimile:   907-222-7199



Attorneys for Intervenor Denali Fuel Company, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>   v.<br><br>MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY, and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,<br><br>           Defendants. | Case No. A05-162 CV (JKS)<br><br>**DENALI FUEL'S MEMORANDUM IN REPLY TO PROVIDENCE WASHINGTON'S OPPOSITION TO MOTION TO INTERVENE** |

Denali Fuel Company, Inc. ("Denali" or "Intervenor") has sought to intervene in this action among its various insurers. Providence Washington Insurance Company ("Providence Washington"), which opposes Denali's Motion, concedes that the Motion is timely. Providence Washington argues instead that Denali does not have any significantly protectable interest in the subject matter of this action. Clearly, Providence Washington is wrong: but for Denali's insurance coverage and defense, this action would not exist. Moreover, Providence Washington and the other

insurers unreasonably exhausted $1 million or more of Denali's coverage by refusing to fund two earlier, more reasonable settlement offers.

Accordingly, Denali has a substantial interest in this lawsuit which may be impaired and is entitled to intervene as a matter of right. Fed. R. Civ. P. 24(a) (2). Even if it did not have the right to intervene, this Court should nevertheless permit Denali to intervene as a matter of discretion. Fed. R. Civ. P. 24(b)(2).

Providence Washington is the only party that opposes Denali's intervention.[1] Markel International Ltd ("Markel") filed a non-opposition, and Royal Indemnity Co. ("Royal"), U.S. Fidelity & Guaranty Co. ("USF&G"), and Industrial Indemnity Co. ("Industrial Indemnity") have not responded to the Motion.

## ADDITIONAL FACTS

On or about September 18, 2002, Denali notified its insurers that it had received an informal but serious offer from Plaintiff in the AVI Litigation to settle its claims against Denali for $200,000. *See* September 18, 2002 letter, attached. None of the addressee-insurers responded in any serious manner to this request.[2] Subsequently, on October 3, 2003, Denali notified its insurers, including Providence Washington, that it had received another offer of settlement from Plaintiff, for between $400,000 and $500,000. *See* October 3, 2003 letter, attached. Again, no serious response

---

[1] Although Providence Washington apparently filed its Opposition with the Court on or about January 3, 2006, Providence Washington neglected to serve it on Denali. Denali first obtained a copy (missing one exhibit), on or about January 31, 2006, after its counsel asked Providence Washington's counsel if Providence Washington intended to oppose the Motion to Intervene. Denali's counsel apologizes to the Court for any inconvenience caused by this administrative oversight.
[2] At the time, Denali had not yet identified Providence Washington as one of its carriers. However, Markel, Royal and Industrial Indemnity were among the addressees.

MEMORANDUM IN REPLY TO OPPOSITION TO MOTION TO INTERVENE.DOC
CASE NO.: A05-162 CV (JKS)

Page 2

was received to this information. Denali ultimately arranged for a settlement in the amount of $1.5 million, funded by insurance proceeds.

Providence Washington notes that it is in a run-off situation, at least for now. However, Providence Washington's counsel had previously informed Denali that Providence Washington appeared to be unable to meet its insurance obligations, because the value of claims against it appear to exceed its ability to pay those claims. Accordingly, either (1) Providence Washington's financial situation has worsened since the June 2004 press release attached to its Opposition, or (2) its counsel negotiated in bad faith with Denali, its insured, to encourage Denali to accept a discounted settlement with Providence Washington.

Plainly, Denali has a "significantly protectable" interest in the subject of this lawsuit and has the right to intervene in this action. Alternatively, Denali should be permitted to intervene in the action.

## ARGUMENT

Providence Washington concedes that Denali's Motion to Intervene is timely. Further, Providence Washington does not argue that any existing party adequately protects its interests, or that its interest will not be impaired or impeded as a result of this action. Rather, Providence Washington baldly—and incorrectly—asserts that Denali has no protectable interest in the subject matter of this action. Accordingly, Providence Washington has conceded—or effectively conceded—three of the four issues required for intervention. The Court need only find that Denali has an interest in this action worthy of protection, i.e., a "significantly protectable

MEMORANDUM IN REPLY TO OPPOSITION TO MOTION TO INTERVENE.DOC
CASE NO.: A05-162 CV (JKS)

Page 3

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

interest", and intervention should be granted. As shown below (and in its opening Memorandum), Denali clearly has a protectable interest in the outcome of this litigation.

Under Alaska law, an insurer owes the insured a duty "to accept reasonable offers of settlement in a prompt fashion." *Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979). More than 25 years ago, the *Guin* Court warned insurers that an "insured defendant will not be at the mercy of the dilatory or uncooperative insurance company." *Id.* The Court observed that if an "insurer causes undue delay in…settlement of a claim…, it may constitute a breach of the implied covenant of good faith." *Id.* In *Guin,* the Court held that the insured "may recover from his insurer any prejudgment interest attributable to the bad faith of the insurer, regardless of policy limits." *Id.* (footnote omitted).

Here, Denali alleges that its insurers, including Providence Washington, have breached their duty of good faith by failing to "accept reasonable offers of settlement in a prompt fashion." The insurers' breach has caused damages to Denali, not in the form of prejudgment interest, as in *Guin*, but in the form of depleted insurance coverage for additional claims against Denali. As Denali showed in its Opening Memorandum, two additional claims have already been asserted against it, and more are likely waiting in the wings.

Even though it undoubtedly knows that Alaska law governs here, *see R.W. Beck & Associates v. Sitka and Providence Washington Insurance Co.*, 27 F.3d 1475, 1480 (9th Cir. 1994), Providence Washington ignores the seminal case of *Guin v. Ha,* discussed above. Rather, Providence Washington focuses instead on cases from other jurisdictions, one of which found that "no court has held an insurance company must accept all settlement demands." Providence

Washington Memorandum in Opposition to Motion to Intervene ("PW Opp.") at 3. Denali does not suggest that an insurer must accept all settlement demands. To the contrary, Denali alleges that its insurers failed to accept "reasonable offers of settlement in a prompt fashion," thereby causing Denali to suffer damage. *See* correspondence, attached, and *Guin v. Ha*, 591 P.2d at 1291. Clearly, Denali's counterclaim alleges a protectable interest in this action.

Further, although Providence Washington contends that it is merely in "run-off," and not in danger of failing, its counsel represented to Denali that Providence Washington will likely be unable to meet all of its outstanding claims. Providence Washington made this representation to Denali in an effort to urge Denali to agree to a policy buy-back, or other settlement, with Providence Washington, for a discounted sum. Plainly, Providence Washington cannot have it both ways: either Providence Washington is in danger of failing, or it has breached its duty of good faith and fair dealing to Denali.

Denali has also raised the issue of its defense costs. Although Providence Washington argues that defense costs are subject to mandatory arbitration, the failure of Denali's insurers to pay all of its defense costs in a timely manner is a breach of their duty to defend. Each of these insurers owes Denali a separate duty to pay its defense costs. Yet, four different insurers having accepted its tender of defense, Denali still remains out of pocket thousands of dollars, even though both the AVI and LaHonda settlements occurred more than one year ago.

Finally, as Denali noted in its opening Memorandum, Denali's insurance is the very subject matter of this litigation. Denali has an important interest in seeing that its insurance coverage is properly applied, and is accorded its full value.

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

MEMORANDUM IN REPLY TO OPPOSITION TO MOTION TO INTERVENE.DOC
CASE NO.: A05-162 CV (JKS)

Page 5

Accordingly, Denali clearly has a significantly protectable interest in these proceedings, and may intervene as a matter of right and as a matter of discretion.

### CONCLUSION

For the foregoing reasons and the reasons set forth in its Opening Memorandum, Denali is entitled to intervene as of right in this action under Civil Rule 24(a)(2). Alternatively, Denali should be permitted to intervene as a matter of discretion under Civil Rule 24(b)(2). Accordingly, this Court should allow Denali to intervene in this lawsuit.

DATED this 7th day of February 2006 at Anchorage, Alaska.

AMODIO STANLEY & REEVES LLC
Attorneys for Intervenor DENALI FUEL COMPANY, INC.

By: _____
Thomas P. Amodio
Alaska Bar No. 8511142

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2006, a true and accurate copy of the foregoing document was faxed and mailed to

Richard Waller (907-276-2051)
Brown, Waller & Gibbs
821 N Street, Suite 103
Anchorage, Alaska 99501

Frank Pfiffner (907-263-8320)
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, Alaska 99503-5931

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Clay Young (907-277-1331)
Delaney, Wiles, Hayes Gerety, Ellis & Young
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501

Andrea Girolamo-Welp (907-276-2631)
Lane Powell LLC
301 W. Northern Lights Boulevard
Suite 301
Anchorage, Alaska 99503

and Hand Delivered to:

Alfred T. Clayton
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, Alaska 99501

By _____

AMODIO STANLEY & REEVES LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199