# FOSTER PEPPER RUBINI & REEVES LLC
ATTORNEYS AT LAW



September 18, 2002

*Privileged and Confidential*
*Attorney Work Product*

Mr. Steve Newland
Terra Nova Insurance Company
The Market Building
49 Leadenhall Street
London, United Kingdom EC3AZEA

Mr. Michael Doyle
Chicago Insurance Company
777 San Marian Drive
Novato, CA 94954

Mr. Pete Hubbs
Royal and Federated Alliance
9300 Arrow Point Blvd.
Charlotte, North Carolina 28273
(For American & Foreign Insurance)

Mr. Christopher Legros
River Stone Claims Management
Industrial Indemnity Insurance Company
350 Commercial Street, Suite 5000
Manchester, New Hampshire 03101

Mr. Kemp Hooper
Royal Insurance Company
9140 Arrow Point Blvd., Suite 440
Charlotte, North Carolina 28273-8120

Re:  Insureds:   Denali Fuel Company, Alaska Mechanical Maintenance
                  John Mlakar, Frances Mlakar
     Policy No.: 42672 (Terra Nova); 2347, G-7647-8 200 (Chicago);
                  YA 295346 (American & Foreign); LC 811-8701, LG 840
                  1758, LG 816-1731, LG 816-1755, LG 808-0592, FP 816
                  1610, SG 842-9573, 521 13 13 52 4 (Industrial Indemnity);
                  PYA 295345, YA 295345, YA 295346 (Royal)
     Lawsuit:    *AVI et al. v. Denali Fuel Co. al.,* Case No. 3AN-02-5562
     Claims:     Environmental Contamination and Remediation
     Location:   Trailer Court, DeBarr Road, Anchorage, Alaska

1007 WEST THIRD
AVENUE
Suite 100
ANCHORAGE
Alaska
99501

Telephone
(907) 222-7100
Facsimile
(907) 222-7198
Website
WWW.FOSTER.COM

ANCHORAGE
Alaska

BELLEVUE
Washington

PORTLAND
Oregon

SEATTLE
Washington

Gentlemen:

As we have previously told you, our firm represents Denali Fuel Company ("Denali") and its sole shareholder, Frances Mlakar ("Mlakar") with respect to a lawsuit against Denali and Mlakar by the Alaskan Village, Inc. ("AVI") and its principal, Peter Zamarello, *The Alaskan Village, Inc. et al. v. Denali Fuel Company et al.,* Case No. 3AN-02-5562 CI (Alaska Superior Court, Anchorage, 2002). A copy of the complaint has previously been provided to you.

There are several reasons for this letter. First, enclosed is a matrix showing the relevant insurance policies that Denali or Mrs. Mlakar held during the early 1980's. We have sent certified letters to all of these insurers, and have heard back from all except the following: Mission National, Allwest and Holland-America. We have asked all insurers to research their records to determine if Denali, Alaska Mechanical Maintenance or Mrs. Mlakar had any policies with them between 1965 and 1980, or any others that we had not noted between 1980 and 1985. Thus far, no insurers have informed us that they have found additional policies. Also enclosed is a contact list of representatives of those insurers who have responded.

Second, as you are no doubt aware, Alaska law imposes upon insurers the duty promptly to investigate and resolve insurance claims such as this. For example, the Alaska Statutes provide that, among other things, an insurer may not

> (3) Fail to adopt and implement reasonable standards for prompt investigation of claims; [or]
> (4) refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement; [or]
> (5) fail to affirm or deny coverage of claims within a reasonable time of the completion of proof-of-loss statements; [or]
> (6) fail to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear.

AS 21.36.125. Further, an insurer must normally complete the investigation of a claim within 30 working days:

> Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a claim shall promptly undertake the investigation of a claim after notification of the claim is received, and shall complete the investigation within 30 working days, unless the investigation cannot reasonably be completed using due diligence.

3 AAC 26.050(a). In addition, an insurer must normally advise the insured of its acceptance or denial of a claim within 15 working days:

> Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation or settlement of a first-party claim
> (1) shall advise a first-party claimant in writing of the acceptance or

Gentlemen
September 18, 2002
Page 3

> denial of the claim within 15 working days after receipt of a properly executed statement of claim, proof of loss, or other acceptable evidence of loss unless another time limit is specified in the insurance policy...;
>
> ...if additional time is needed to determine whether the claim should be accepted or denied, written notification giving the reasons that more time is needed shall be given to the first-party claimant within the deadline.

3 AAC 26.070(a). You will remember that our initial letters requesting coverage and defense against AVI's claims were sent to you approximately 2 months ago, on or about July 12, 2002.

Finally, we wanted to inform you that plaintiffs' attorney has indicated, informally, that plaintiffs would settle with and release Denali and Mrs. Mlakar during this early stage of the litigation for payment of $200,000. As you know, plaintiffs seek damages in their complaint against Denali and Mrs. Mlakar of more than $1,260,350. Our analysis of the claims and potential defenses leads us to conclude that a settlement in this range would be a good result for our clients. We are not aware of any defenses that would support summary judgment in our favor. Therefore, it will be necessary to hire one or more experts, in an effort to allocate damages. Denali Fuel has few assets. Paying $200,000 in settlement could push the company to the brink of insolvency. The situation is dire.

Accordingly, we ask each of you to contribute $40,000 to fund an offer to settle this case for that amount. If the offer is accepted, Denali Fuel and Mrs. Mlakar would be released from any liability relating to contamination at the subject trailer park, and they would release each insurer that contributes to the settlement.

Please respond to this letter at your earliest possible convenience, and in any event, by no later than 15 days from today. I look forward to hearing from you.

Sincerely,
FOSTER PEPPER RUBINI & REEVES LLC

Thomas R. Amodio

Enclosure
Cc:   Denali Fuel Company
      Frances Mlakar

## INSURANCE POLICY INDEX FOR DENALI FUEL

|     | *YEAR*            | *POLICY TYPE*                              | *POLICY NO.*              | *POLICY HOLDER*              |
| --- | ----------------- | ------------------------------------------ | ------------------------- | ---------------------------- |
| 1.  | 05/15/80-02/15/81 | General Liability                          | 42672                     | Terra Nova Ins               |
| 2.  | 06/20/80-03/15/81 | General Liability Umbrella                 | LC 811-8701               | Industrial Indemnity         |
| 3.  | 02/15/81-03/01/82 | General Liability                          | 2347                      | Chicago Insurance            |
| 4.  | 03/15/81-03/15/82 | General Liability                          | LG 816 1755/ LG 816 1731  | Industrial Indemnity         |
| 5.  | 08/10/81-03/15/82 | General Liability                          | LG 840-1758               | Industrial Indemnity         |
| 6.  | 01/30/81-03/15/82 | Commercial Umbrella                        | (550C) 0015381            | Chicago                      |
| 7.  | 1981-1982         | Commercial Other                           | FS 8120199                |                              |
| 8.  | 03/15/82-03/15/83 | General Liability                          | SG 842 9513 SG 842 9573   | Industrial Indemnity         |
| 9.  | 03/15/82-03/01/83 | Commercial Umbrella                        | MN 013019                 | Mission National Insurance   |
| 10. | 09/24/82-09/24/83 | Comprehensive Personal Liability           | 201702166                 | Allwest Insurance            |
| 11. | 03/01/83-03/01/84 | General Liability                          | PYA 295345                | Royal Insurance              |
| 12. | 03/01/84-03/01/85 | General Liability                          | AYA295346                 | American & Foreign Insurance |
| 13. | 03/01/84-03/01/85 |                                            | H 93535                   | Holland-America Ins          |
| 14. | 03/12/85-03/01/86 | Umbrella                                   | MN 047383                 | Mission National Ins.        |
| 15. | 03/01/85-03/01/86 | Third Party Property Damage Liability      | H 96550                   | Holland-America Insurance    |
| 16. | 03/01/85-03/01/86 | Property Damage, General Liability, Land   | YA 295345 YA 295346       | Royal Insurance              |

## *AVI v. DENALI FUEL*

## NAMES/ADDRESS/PHONE NUMBERS OF INSURANCE COMPANIES

| NAME AND ADDRESS OF INSURANCE COMPANY | PHONE NUMBERS AND FAX NUMBERS |
|---|---|
| Mr. Michael Doyle<br>Interstate Insurance Group<br>**Chicago Insurance Company**<br>777 San Marian Drive<br>Navato, CA 94954 | 415-899-2384 (Phone) |
| Mr. Christopher Legros<br>River Stone Claims Management<br>**Industrial Indemnity Insurance Company**<br>350 Commercial Street, Suite 5000<br>Manchester, New Hampshire 03101 | 603-656-2425 (Phone)<br>603-656-2400 (Fax) |
| Mr. Steve Newland<br>**Terra Nova Insurance Company**<br>The Market Building<br>49 Leadenhall Street<br>London, United Kingsom EC3AZEA | 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-6071 (Phone)<br>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-6800 (Fax) |
| Mr. Pete Hubbs<br>Royal & Sunalliance<br>**American & Foreign Insurance Company**<br>9300 Arrow Point Blvd.<br>Charlotte, North Carolina 28273 | 704-522-2885 (Phone) |
| Kemp Hooper<br>**Royal Insurance Company**<br>9140 ArrowPoint Blvd., Suite 440<br>Charlotte, NC 28273-8120 | 704-522-2802 |
|  |  |
|  |  |
|  |  |

# FOSTER PEPPER RUBINI & REEVES LLC
### ATTORNEYS AT LAW



October 3, 2003

*Privileged and Confidential*
*Attorney Work Product*

**VIA FACSIMILE AND U.S. MAIL**

Mr. Pete Hubbs
Royal and Federated Alliance
9300 Arrow Point Blvd.
Charlotte, North Carolina 28273
(For American & Foreign Insurance)

Mr. Christopher Legros (fax 603-656-2400)
River Stone Claims Management
Industrial Indemnity Insurance Company
350 Commercial Street, Suite 5000
Manchester, New Hampshire 03101

Dennis Grasso
Senior Claim Specialist
Providence Washington Insurance Co.
C/o Richard Waller (Fax 276-2051)
Brown Waller & Gibbs
821 N Street, Suite 202
Anchorage, Alaska 99501

Re:  Insureds:  Denali Fuel Company, Alaska Mechanical Maintenance
                John Mlakar, Frances Mlakar
     Policy No.: YA 295346 (American & Foreign); LC 811-8701, LG 840
                1758, LG 816-1731, LG 816-1755, LG 808-0592, FP 816
                1610, SG 842-9573, 521 13 13 52 4 (Industrial Indemnity);
                PYA 295345, YA 295345, YA 295346 (Royal)
                LG 4 56 05, GLA 4 41 78 (Providence Washington)
     Lawsuit:   *AVI et al. v. Denali Fuel Co. al.,* Case No. 3AN-02-5562
     Claims:    Environmental Contamination and Remediation
     Location:  Trailer Court, DeBarr Road, Anchorage, Alaska

500 L
STREET
Suite 300
ANCHORAGE
Alaska
99501

*Telephone*
(907) 222-7100
*Facsimile*
(907) 222-7199
*Website*
WWW.FOSTER.COM

Gentlemen:

ANCHORAGE
*Alaska*

As you know, our firm represents Denali Fuel Company ("Denali") and its sole shareholder, Frances Mlakar ("Mlakar") with respect to the above-referenced lawsuit by the Alaskan Village, Inc. ("AVI") and its principal, Peter Zamarello. Two of your companies have accepted our tender of defense: Royal Insurance (subject to a reservation of rights) and Industrial Indemnity (no reservation of rights). The third, Providence Washington, has retained local counsel to review our tender and the claim against Denali and Mlakar. We are including Providence Washington as a recipient because we anticipate that Providence Washington will also accept our tender.

BELLEVUE
*Washington*

PORTLAND
*Oregon*

SEATTLE
*Washington*



Gentlemen
October 3, 2003
Page 2

    I am writing to advise you we may be able to settle this matter for what we believe is a reasonable amount, but only if we act promptly. Plaintiff's counsel has indicated that this is an opportune time for him to settle with Denali Fuel for between $400,000 and $500,000. We strongly urge you to authorize us to make such an offer from Denali's insurance proceeds, for several reasons.

    First, the possible exposure of Denali Fuel is roughly four times that amount: Plaintiff AVI (itself, or through its assign, Neeser Construction) has spent more than $1,700,000 in remediating contamination at the AVI trailer park and removing Denali's fuel delivery system. Indeed, Plaintiff has spent an additional $600,000 or $700,000 to remove and remediate individual fuel storage tanks. AVI has not yet asserted a claim against Denali Fuel for costs relating to the individual tanks.

    Second, the evidence so far overwhelmingly indicates that most of the contamination resulted from the fuel delivery system that Denali installed, operated and maintained. We conducted depositions in August, 2003 of some key witnesses, several of whom had been involved in cleaning up the trailer park. Their testimony indicated that most of the contamination in question occurred below the underground system, not above it. Their testimony indicated that the releases primarily occurred where a coupling device joined the underground pipes.

    Third, the evidence suggests that there are no other potentially responsible parties, at least for most of the contamination. Denali Fuel installed the fuel delivery system in stages between 1967 and 1972. Denali operated it from the time of installation until it was abandoned sometime in the 1980's. According to the evidence, fuel remained in much of the system after it was abandoned. Thus, some releases likely occurred even after the system was no longer in use. Initially, we speculated that some of the contamination occurred as a result of spills or accidents involving trailer park occupants. The evidence, however, contradicts this: as noted, most of the contamination that required remediation occurred below the pipes. The few surface spills were not associated with belowground contamination and were cleaned up for little cost. Thus, the only two PRPs are Denali Fuel, which operated and maintained the fuel delivery system (and delivered fuel to it), and AVI, which owned and operated the trailer park. Under the settlement proposal set forth above, AVI would be accepting approximately 75% of the liability for any releases. Arguably, AVI is liable for far less than that.

    Fourth, we are not aware of any defenses by which Denali Fuel could defeat Plaintiff's claims as a matter of law. To the contrary, we believe that is likely that Plaintiff can establish, as a matter of law, that Denali Fuel is a potentially responsible party liable for some (and possibly a substantial) portion of the contamination. Accordingly, no matter how aggressively or successfully we are able to defend this

Gentlemen
October 3, 2003
Page 3

matter, we can see no way to avoid entry of judgment against Denali Fuel for a portion of the clean up costs, possibly a substantial portion. Under the circumstances here, the trier of fact will likely allocate liability between Denali Fuel and AVI. Inasmuch as most of the contamination appears to have resulted from the fuel system, the trier of fact may possibly find Denali liable for 75% or more of the $1.7 million incurred. AVI would also be entitled to interest on any award, should it prevail, as well as costs and Rule 82 fees. Under the settlement proposal we are requesting authority to make, Denali would be accepting an allocated share of 25% or less of the clean up costs, and AVI (or its insurers) would bear the rest.

Fifth, the cost of defending this matter aggressively, and preparing for trial, will continue to mount.[1] With the cost of expert consultants, conducting additional discovery, and preparing for and participating in trial, we anticipate that the costs and fees associated with defending this action will likely exceed $150,000. Since in our view Denali Fuel cannot escape liability as a matter of law and, in fact, is likely to be found liable for a substantial amount of the contamination, it would appear to be a better use of these defense costs to contribute them towards a possible settlement.

Lastly, Denali Fuel is a small business with few assets. A judgment against Denali even in the $400,000 to $500,000 could well push the company into insolvency. A judgment of $1 million (or more) would drive it out of business. Denali Fuel could not afford to stay in business and to pay such a judgment.

For all of these reasons, we urge you to authorize us to make a settlement offer between $400,000 and $500,000. As I noted, time is of the essence: Mr. Reges has indicated that his client may be willing to accept a settlement offer in this range, but only if one is made within the next two to three weeks. Further, deadlines are again approaching. We have already postponed trial in this matter several times. Plaintiff is not likely to agree to postpone trial, and the corresponding deadlines, again.

Please respond to this letter at your earliest possible convenience, and in any event, by no later than 10 days from today. I look forward to hearing from you.

Sincerely,
FOSTER PEPPER RUBINI & REEVES LLC

Thomas P. Amodio

---

[1] Although two of you have accepted our tender of defense, I note that neither carrier has yet paid any portion of our bills. Please take whatever steps are necessary to process our invoices as promptly as possible.

Gentlemen
October 3, 2003
Page 4


Enclosure
Cc:   Denali Fuel Company
         Frances Mlakar