Alfred Clayton, Jr.
ABA No. 9111079
BLISS, WILKENS & CLAYTON
500 L Street, Suite 200
Anchorage, AK  99501
Telephone: 907-276-2999
Facsimile: 907-276-2956
E-mail:  atc@bwclawyers.com

Attorneys for Defendant
United States Fidelity and
Guaranty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. 3:05-CI-162-TMB |

### PROTECTIVE ORDER
### FOR THE USE OF CONFIDENTIAL MATERIAL

Pursuant to Fed. R. Civ. P. 26 and in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, the undersigned parties stipulate as follows:

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

1. <u>Scope of Order</u>. This Order governs the handling of all documents and all other information, including copies, excerpts, quotations and summaries thereof produced by the Parties in this action.

2. <u>Definition of Party</u>. As used in this Order, the term Party means any and all parties named in this action.

3. <u>Designation</u>. If any Party wishes that any confidential information be subject to the provisions of this Order, such Party shall stamp the documents on the front of each page: "CONFIDENTIAL."

4. <u>Restrictions</u>. Except with the prior written consent of the Party designating material as Confidential, no material which has been appropriately designated as confidential may be disclosed to any person except as follows:

    a. Confidential material shall be used only for the purposes of settlement, discovery, trial preparation and trial, and any appeal of this lawsuit. Confidential material shall not be used for any business or any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified in subparagraph b. below.

    b. Confidential material may be disclosed, for the purpose set forth above, only to:

        i. The Parties and counsel of record for the Parties and attorneys, clerical, paralegal and other staff

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd.*, et al.
Case No.: 3:05-CI-162-TMB
Page 2 of 10

employed by such counsel who are assisting in the preparation and trial of this lawsuit;

  ii. Former partners, employees or former employees of the Parties as counsel, in good faith, requires to provide assistance in the conduct of this lawsuit;

  iii. The Court and Court personnel;

  iv. Any persons presiding over settlement negotiations (including arbitration and/or mediation) regarding this lawsuit;

  v. Any person who created the Confidential material;

  vi. Potential witnesses, experts, and consultants whom counsel, in good faith, requires to provide assistance in the conduct of this lawsuit or from whom counsel, in good faith, requires consultation; provided, however, that the Confidential material disclosed to such parties shall be limited to that which counsel, in good faith, determines is reasonably necessary to their potential testimony;

  vii. Court reporters who take and transcribe testimony for use in this lawsuit; and

  viii. Insurers and reinsurers for the Parties.

 c. With the exception of 3(b)(i), (iii) and (vii), above, any person to which Confidential material has been provided shall be informed of the Order and asked to assent to it before reviewing Confidential material subject to this Order. If

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.: 3:05-CI-162-TMB
Page 3 of 10

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

a nonparty deponent refuses to assent to the Order on the record, the nonparty may be shown the Confidential material during the deposition, to the extent counsel, in good faith, determines it is reasonably necessary to such deponent's potential testimony. Any nonparty deponent refusing to assent to the Order will not be allowed to keep a copy of the Confidential material or the transcript of the deposition if the transcript recites or summarizes any information from the Confidential material covered by this Order.

    5.    <u>Use in Deposition</u>.  When Confidential material is used in depositions, a Party may require that those portions of the deposition transcript concerning the subject matter of the Confidential material be sealed.  Failure to request that the transcript be sealed, however, shall not be deemed a waiver of confidentiality as to the documents constituting the Confidential material.

    6.    <u>Use In or As Attachments to Pleadings</u>.  Any Confidential material that is filed with the Court, or with the Clerk of the Court, as an attachment to a brief or pleading or for any other reason, shall be filed under seal unless otherwise agreed by the Parties.  Any pleading, brief, or other document filed with a court or court clerk which excerpts, quotes from or summarizes the content of any Confidential material shall also be filed under seal unless the Parties otherwise agree.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd.*, et al.
Case No.:  3:05-CI-162-TMB
Page 4 of 10

7. <u>Declassification</u>. A Party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to this Court for a ruling that a document (or category of documents) is not entitled to confidential status and protection. The Party or other person who designated the documents as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality bears the burden to show there is good cause for the document to have such protection.

8. <u>Subpoena by Other Court or Agency</u>. If another court or an administrative agency subpoenas or orders production of stamped documents which a Party has obtained under the terms of this Order, such Party shall promptly notify the Party, or other person who designated the document as confidential, of the pendency of such a subpoena or order. Documents will not be produced unless ordered by the agency or court, and this agreement shall not prevent a party from complying with a court order or subpoena.

9. <u>Disposition of Confidential Material After Lawsuit</u>. At the conclusion of this lawsuit, including all appeals, unless otherwise ordered by the Court, all Confidential material, including all copies thereof, shall, upon request and at the option of the producing Party, be returned, destroyed or sealed. The receiving Party shall, upon demand, attest in writing to the return, destruction or sealing of all Confidential material.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.: 3:05-CI-162-TMB
Page 5 of 10

10. <u>Definition of Confidential Material</u>. For purposes of this Order, the term "Material" means any and all documents of any type, whether handwritten or mechanically or electronically prepared including, but not limited to, paper documents, microfilms, microfiche, computer tapes, computer disks (hard disks, floppy disks and CD ROM disks), computer printouts, or any other computer storage facility or system, audio or video tapes, whether produced or created by a Party or another person, whether produced pursuant to Rule 55, subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs and summaries of confidential information or documents that quote, summarize, or contain materials entitled to protection may be accorded such status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. "Confidential" material shall mean all such material designated by any Party as "Confidential."

11. <u>Inadvertent Production of Privileged or Protected Documents</u>. If any Party inadvertently produces or makes available for review information or documents that it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of privileged or protected material by a third party, the Party may retrieve such

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.: 3:05-CI-162-TMB
Page 6 of 10

information, documents, and other material, or parts thereof, as follows:

  a. Within thirty (30) days of the date of discovery by the Party of the production of documents that it considers privileged or protected material, or no later than ninety (90) days before the date set for trial, whichever occurs first, the Party must give written notice to all Parties that it claims the document, in whole or in part, to be privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the factual basis for asserting it.

  b. Upon receipt of such notice, Parties who have received copies of the produced document shall promptly (a) return all such copies to the producing Party, (b) provide written assurance to the producing Party that all such copies have been destroyed, or (c) inform the producing Party the receiving Party intends to promptly initiate a hearing to determine the privilege status as described in paragraph c. herein. In the event the producing Party claims only part of the documents to be privileged or protected, it shall furnish to all Parties redacted copies of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Upon receipt of the redacted copy, each Party shall promptly (a) return all un-redacted copies to the producing Party, (b) provide written assurance to the producing Party that all such copies have been destroyed, or

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd.*, et al.
Case No.: 3:05-CI-162-TMB
Page 7 of 10

(c) inform the producing Party the receiving Party intends to promptly initiate a hearing to determine the privilege status as described in paragraph c. herein.

  c. Unless otherwise agreed by the Parties, all alleged privileged documents may be submitted via motion to the Court for *in camera* review to determine the privilege status, if any, of the subject document(s). No Party may use any such document before the motion is resolved.

  d. After service of a notice in accordance with this section claiming that a privileged or protected document was produced, no opposition to a motion requesting confirmation of the privileged or protected nature of the document shall rely on an allegation that any privilege or protection as to the document was waived by its production.

  e. Within thirty days of retrieval of information, documents and/or material, or parts thereof, as to which privilege is asserted, the Party asserting the privilege shall provide a revised privilege log identifying and describing the documents withheld from the subject production and the grounds for the privilege asserted.

  12. <u>Modifications</u>. Nothing in this Order shall preclude any Party from applying to the Court for additional or different protective provisions as necessary during the pendency of this lawsuit.

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.: 3:05-CI-162-TMB
Page 8 of 10

Presented through Stipulation
by:

                                        BLISS, WILKENS & CLAYTON
Attorneys for Defendant United States Fidelity and Guaranty Company

Dated: 3/3/06

By: _____
    Alfred Clayton, Jr.
500 L Street, Suite 200
Anchorage, AK   99501
Phone:  (907) 276-2999
Fax:  (907) 276-2956
E-mail: atc@bwclawyers.com
[AK Bar No.:  9111079]


LANE POWELL, LLC
Attorneys for Defendant Markel International Insurance Company

Dated: 3/1/06

By: _____
    Andrea Girolamo-Welp
301 W. Northern Lights Blvd.
Suite 301
Anchorage, AK   99503
Phone:  (907) 264-3322
Fax:  (907) 276-2631
E-mail: GirolamoA@LanePowell.com
[AK Bar No.:  0211044]

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.:  3:05-CI-162-TMB
Page 9 of 10

```
                                    HUGHES BAUMAN PFIFFNER GORSKI &
                                    SEEDORF, LLC
                                    Attorneys for Defendant Royal
                                    Indemnity Company as Successor in
                                    Interest to Royal Insurance
                                    Company of America

Dated:    2.28.6              By: /s/ Frank A. Pfiffner
                                    Frank A. Pfiffner
                                    3900 C Street, Suite 1001
                                    Anchorage, AK   99503
                                    Phone: (907) 263-8241
                                    Fax:   (907) 263-8320
                                    E-mail:  FAP@hbplaw.net
                                    [AK Bar No.:  7505032]


                                    BROWN, WALLER & GIBBS
                                    Attorneys for Plaintiff Providence
                                    Washington Insurance Company

                              By: /s/ Richard Waller
Dated:    3-2-06                    Richard Waller
                                    821 N Street, Suite 202
                                    Anchorage, AK   99501
                                    Phone:  (907) 276-2050
                                    Fax:    (907) 276-2051
                                    E-mail: rlwaller@pobox.alaska.net
                                    [AK Bar No.:  7805025]


                                    DELANEY WILES
                                    Attorneys for Defendant Industrial
                                    Indemnity Company

Dated:    3/1/6               By: /s/ (for) Clay A. Young
                                    Clay A. Young
                                    1007 W. 3rd Avenue
                                    Suite 400
                                    Anchorage, AK   99501
                                    Phone:  (907) 279-3581
                                    Fax: (907) 277-1331
                                    E-mail:  cay@delaneywiles.com
                                    [AK Bar No.: 7410117]
```

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

N:\AKB\2846-1\PLDGS - U.S\STIPULATED.PROTECTIVE.ORDER.doc

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.:  3:05-CI-162-TMB
Page 10 of 10

CERTIFICATE OF SERVICE

I hereby certify that on March 6th, 2006
a copy of the foregoing Protective Order
was served electronically on:

Thomas P. Amodio
Andrea E. Girolamo-Welp
Frank A. Pfiffner
Mark N. Thorsrud
Clay A. Young


and by regular U.S. mail on:

Richard L. Waller
Brown, Waller & Gibbs
821 N Street, Suite 202
Anchorage, AK  99501-3285


s/Alfred Clayton, Jr.


N:\AKB\2846-1\PLDGS - U.S\STIPULATED.PROTECTIVE.ORDER.doc

BLISS, WILKENS
& CLAYTON
an association of LLCs
500 L STREET
SUITE 200
ANCHORAGE, ALASKA
99501-5909
(907) 276-2999
FAX: (907) 276-2956

Protective Order for the Use of Confidential Material
*Providence Washington Ins. Co. v. Markel International Ltd., et al.*
Case No.:  3:05-CI-162-TMB
Page 11 - Certificate of Service