Andrea E. Girolamo-Welp, ASBA No. 0211044
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
GirolamoA@LanePowell.com

Attorneys for Markel International Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,<br><br>        Defendants. | Case No. A05-162 CV (TMB)<br><br><br><br><br><br><br><br>[PROPOSED]<br>DEFENDANT MARKEL'S<br>AMENDED COUNTERCLAIM |

COMES NOW Markel International Limited ("Markel"), by and through its counsel of record, Lane Powell LLC, and having heretofore fully answered plaintiff's Complaint and asserted its Affirmative Defenses, now Markel, pursuant to the leave of Court, asserts the following Amended Counterclaim against the plaintiff and for cause alleges as follows:

**I. PARTIES AND JURISDICTION**

1. Counter-plaintiff Markel International Limited's ("Markel") principle place of business is London, England, and it is the successor in interest to Terra Nova Syndicate ("Terra Nova") that subscribed to 100% of the risk for Policy 42672 and Policy 2347 effective between February 15, 1980 through March 15, 1982.

2. On information and belief, counter-defendant, Providence Washington ("Providence Washington") is a foreign corporation incorporated under the laws of the State of Rhode Island and

provided commercial general liability insurance coverage to Denali Fuel Company, Inc. for six years commencing March 1, 1973 and concluding on March 1, 1979 with total combined limits of $700,000.00.

3. This Court is vested with diversity jurisdiction concerning this counterclaim pursuant to Title 28 U.S.C. § 1332.

## II. FACTS

4. Counterclaimant Markel realleges and reasserts each and every allegation, denial and affirmative defense contained within its answer and Affirmative Defenses to plaintiff's complaint.

5. On April 8, 2004, Markel provided counsel for its insured Denali Fuel Company, Inc. d/b/a Alaska Mechanical Maintenance, Inc. ("the Insured") with a Reservation of Rights letter prepared upon behalf of Underwriters at Markel, formerly Terra Nova. Markel's agreement to pay defense costs was based upon a full reservation of all Markel's rights under the terms and conditions of both policies to limit, deny or withdraw coverage both policies for any and all claims asserted by the Insured.

6. Markel's Policies 42672 and 2347 overlapped and provided concurrent coverage with Industrial Indemnity policies LG 793-6286, LG 808-0592, LG 816-1755 and LG 808-0592.

7. In May 2004, participating insurers plaintiff/counter-defendant Providence Washington, Industrial Indemnity, Royal & SunAlliance ("Royal") and Markel agreed to pay indemnity for the LaHonda/Captain Cook litigation for a total sum of $1 00,000. As of that date, at least sixteen policies providing coverage for sixteen policy years had been identified. Markel had only two policies covering two policy years. Markel contributed $24,530 or 24.53% of the indemnity costs and $8,325.75 to the costs of defense.

8. At the suggestion of counter-defendant Providence Washington, Industrial Indemnity, Markel and Royal agreed to participate in a mediation in Seattle on June 21, 2004 to reach a decision concerning settlement of the AVI claim on terms favorable to the Insured as well as payment of future defense costs for other claims. USF&G was also asked to participate and did in fact send a

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

representative. Counter-plaintiff Markel sent a representative from London, England to Seattle to stay for three days to participate in the mediation process at great expense. At all relevant times, counter-plaintiff Markel participated in the mediation and settlement negotiations in good faith.

9. On June 21, 2004, counter-defendant Providence Washington's counsel appeared at the mediation with full authority to bind Providence Washington to a defense and indemnity cost-sharing agreement. Counter-defendant Providence Washington's counsel and counter-plaintiff Markel executed an *Agreement in Principle* wherein Markel agreed to pay defense costs in the amount of 9.52% and indemnity in the amount of 6.73%. Counter-defendant Providence Washington agreed to pay defense costs in the amount of 28.57%. A copy of the *Agreement in Principle* is attached as Exhibit A and is incorporated by reference.

10. The *Agreement in Principle* reflected that the parties agreed that no retroactive adjustments would be made among the participating insurers for the reallocation of payments for the LaHonda/Captain Cook litigation. Counter-defendant Providence Washington agreed that defense costs for litigation expenses and attorneys' fees for the insured would be calculated on the basis of a *time on the risk* formula. Application of this formula resulted in defense payments by Markel in the amount of 9.52%. Providence Washington agreed with Markel that the indemnity obligation to the insured would be calculated in accordance with "*each carrier's relative percentage of coverage limits plus each carrier's relative percentage of years on the risk divided by two.*" Markel's indemnity obligation in accord with that formula was 6.73%.

11. After execution of the *Agreement in Principle*, Royal modified its position and could not perform the agreement because its counsel had not completed its coverage review and all policies had not been identified. At all relevant times, Markel remained prepared to honor its agreement with Providence Washington. Despite Royal's refusal to perform, the agreement was effective between Providence Washington and Markel.

12. In the spirit of compliance with the *Agreement in Principle*, counter-plaintiff Markel contributed 9% indemnity of the overall $1,500,000 settlement of the AVI litigation; Markel's

percentage was $135,000 to facilitate a favorable settlement. Markel's additional 2% payment was made to cover any shortfall. Counter-plaintiff Markel took the position that between Markel and counter-defendant Providence Washington the two parties were bound by the *Agreement in Principle*.

13. After settlement of the AVI claim, Royal identified eight (8) policies covering eight (8) policy years that would respond to the AVI litigation and potentially other claims against the Insured. Moreover, USF&G, on information and belief, identified a policy that could potentially respond to pollution claims on behalf of the Insured. Upon information and belief, All West identified a policy that insured the Denali shareholder, Francis Mlakar. Overall, twenty-three (23) policies covering twenty-three (23) policy years have been identified as potential policies to respond to the pollution claims of the Insured.

14. Counsel for counter-defendant Providence Washington, sought to reallocate payment of the LaHonda and AVI settlements to include contributions from USF&G. Both Royal, Markel and counter-defendant Providence Washington agreed to an allocation on a *time on the risk* allocation for funding these settlements. On April 7, 2005, counsel for Providence Washington sent a letter which confirmed this understanding as follows:

> To briefly recap what has happened in regard to the allocation of indemnity payments, the insurers reached an *Agreement in Principle* on June 21, 2004 in Seattle, based on a formula which took into consideration each carrier's time on risk as well as the carrier's respective policy limits. After reaching the *Agreement in Principle*, Royal & SunAlliance changed its position indicating that it would only agree to an allocation based on time on risk. **My client, Providence Washington, has now reluctantly agreed to such an allocation in regard to the prior two settlements only. Based upon the following calculations, Providence Washington, Terra Nova and Royal & SunAlliance would each be reimbursed . . .**

A copy of the letter prepared by Providence Washington is attached as Exhibit B and incorporated by reference. Despite its agreement to share allocation on a *time on the risk* formula, Providence Washington filed this suit.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

[Proposed] Defendant Markel's Amended Counterclaim
*Providence Washington Insurance Co. v. Markel International, et al.*  (Case No. A05-162 CV (TMB))   Page 4 of 9

15. Currently, twenty-three (23) policies covering twenty-three (23) policy years have been identified as policies that would be responsive to indemnify and pay defense costs on behalf of the Insured.

16. In addition to the LaHonda and AVI lawsuits, there are other trailer parks in Anchorage that have made claims against the Insured or that may have potential claims. Attorney Robert Reges represents at least two of these additional claimants. In early 2005, Mr. Reges informed Susan Reeves, counsel for the Insured, that he had located a former Denali Fuel employee, Butch Peters, in Juneau, Alaska. Mr. Peters reportedly had a detailed recollection of the Insured's operations during the time frame that is of concern to both the Insured as well as its insurers. Based on preliminary information regarding Mr. Peters, it appeared that it would be in the best interests of the Insured and its insurers for Ms. Reeves to meet with Mr. Peters as Mr. Reges desired to depose him.

17. Ms. Reeves contacted the insurers and requested approval to meet and interview Mr. Peters and attend any deposition that Mr. Reges took of Mr. Peters. Providence Washington, Royal, Industrial Indemnity and Markel agreed that Ms. Reeves undertake this task and further agreed to equally share in Ms. Reeves' costs in completing this task. In March of 2005, Ms. Reeves undertook to meet with Butch Peters and attend his interview with Mr. Reges, who ultimately decided that based on the interview there was no need to depose Mr. Peters. Ms. Reeves gathered important information from the meeting and interview that benefited both the Insured and its insurers.

18. Ms. Reeves' costs for the Butch Peters assignment totaled $3309.44. To date, only Markel has paid its share of these costs. Beginning in March of 2005, Ms. Reeves has repeatedly requested reimbursement from Providence Washington, Royal and Industrial Indemnity. On February 16, 2006, because Providence Washington, Royal and Industrial Indemnity had still not paid their shares, Ms. Reeves reimbursed herself for the entire $3309.44 out of funds paid to the Insured by Markel.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

[Proposed] Defendant Markel's Amended Counterclaim
*Providence Washington Insurance Co. v. Markel International, et al.* (Case No. A05-162 CV (TMB))   Page 5 of 9

## COUNT ONE

## ENFORCEMENT OF THE JUNE 21, 2004 SETTLEMENT AGREEMENT

19. Markel is entitled to enforcement and specific performance of the June 21, 2004 *Agreement in Principle* with Providence Washington for allocation of Markel's proportionate share of defense costs and contributions to indemnity for settlement of the AVI and LaHonda litigation. Accordingly, Providence Washington is not entitled to recover any additional contributions from Markel for retrospective reallocation of indemnity. Counter-plaintiff Markel is entitled to the enforcement of the terms of settlement and recovery of all costs and fees for enforcement from Providence Washington.

## COUNT TWO

## BREACH OF CONTRACT/SPECIFIC PERFORMANCE

20. On April 7, 2005, counter-defendant Providence Washington confirmed its agreement with Royal and Markel that all contributions toward settlement of the LaHonda and AVI litigation should be reallocated based upon a *time on the risk* calculation as memorialized in Exhibit B. Counter-defendant Providence Washington breached the agreement to share defense costs on a *time on the risk* basis by filing this lawsuit. Counter-plaintiff Markel is entitled to enforcement and specific performance of the agreement to share defense costs and provide Markel with a refund of $14,074.70 as calculated by Providence Washington for overpayment of costs of contribution toward the AVI and LaHonda litigation. Counter-plaintiff Markel is entitled to recovery of all litigation costs arising out of enforcement of this April 7, 2005 agreement.

## COUNT THREE

## ESTOPPEL

21. Counter-defendant Providence Washington agreed to an allocation of 22 years of coverage for the Insured on a *time on the risk* basis with counter-plaintiff Markel and Royal. According to counter-defendant Providence Washington's formula and calculations, Markel would be entitled to a refund of $14,074.70 for overpayment of indemnity contributions made to date for the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511   Facsimile 907.276.2631

LaHonda and AVI settlements. Counter-defendant Providence Washington should be estopped from asserting a position contrary to its agreement and now claiming entitlement to recover an additional contribution from Markel in the amount of $102,764.40.

## COUNT FOUR

## EQUITABLE SUBROGATION

22. The Insured's counsel has billed litigation costs to all participating insurers at the hourly billing rate of $200.00 per hour. Counter-defendant Providence Washington has refused to contribute its allocated percentage of costs of defense at the rate of $200.00 per hour and instead has arbitrarily reduced defense counsel's hourly rate to $165.00 per hour. Counter-defendant Providence Washington's failure to satisfy its pro rata share of defense costs has created a shortfall and is prejudicial to Markel and other insurers. Accordingly, counter-plaintiff Markel is entitled to assert a claim of equitable subrogation against Providence Washington to recover its pro rata share in full of all unpaid defense costs.

## COUNT FIVE

## CONTRIBUTION

23. Counter-defendant Providence Washington agreed to pay a quarter of the costs incurred by Ms. Reeves in attending and defending the deposition of Butch Peters, a former employee of Denali Fuel Company, Inc. Providence Washington has failed to contribute its share as promised and Markel was compelled to pay Providence Washington's share to prevent Denali Fuel Co. Inc. and AMM from being prejudiced. Given that Markel has been made to pay for a debt owed by Providence Washington, counter-plaintiff Markel is entitled to assert a claim of contribution against Providence Washington.

## PRAYER FOR RELIEF

AND NOW, having asserted its answer, Affirmative Defenses and Counterclaims against plaintiff, Providence Washington, Markel prays for the following relief:

1. That plaintiffs' Complaint against Markel will be dismissed with prejudice;

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

2. That this Court will award counter-plaintiff Markel relief on all counterclaims against counter-defendant Providence Washington;

3. That this Court will award counter-plaintiff Markel all costs, attorneys' fees and prejudgment interest in the defense of this matter and in prosecution of its counterclaims against plaintiff Providence Washington; and

4. That this Court will award all other relief, both legal and equitable, to which the parties are entitled.

DATED this 20th day of March, 2006.

        LANE POWELL LLC
        Attorneys for Defendant Markel International Limited, successor in interest to Terra Nova

        By /s/ Andrea E. Girolamo-Welp
           Andrea E. Girolamo-Welp
           301 West Northern Lights Blvd., Suite 301
           Anchorage, Alaska 99503-2648
           Telephone: 907-277-9511
           Facsimile: 907-276-2631
           GirolamoA@LanePowell.com
           ASBA No. 0211044

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

[Proposed] Defendant Markel's Amended Counterclaim
*Providence Washington Insurance Co. v. Markel International, et al.* (Case No. A05-162 CV (TMB))   Page 8 of 9

I certify that on March 20, 2006, a copy
of the foregoing was served electronically on:

Richard Waller, Esq.
Brown, Waller & Gibbs
821 N Street, Ste 103,
Anchorage, AK 99501

Andrew Moses, Esq.
Tom Gordon, Esq.
Gordon & Polscer LLC
9755 SW Barnes Rd., Ste. 650
Portland OR 97225

Frank Pfiffner, Esq.
Hughes Bauman Pfiffner Gorski Seedorf
3900 C St., Ste. 1001
Anchorage, AK 99503-5931

Mark Thorsrud, Esq.
Thorsrud, Cane & Paulich
1325 4th Ave., Ste.
1300 Seattle, WA 98101

Clay Young, Esq.
Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W 3rd Ave, Ste 400
Anchorage, AK 99501

Alfred Clayton, Jr., Esq.
Bliss Wilkens & Clayton, Jr.
500 L Street, Suite 200
Anchorage, AK 99501

 /s/ Andrea E. Girolamo-Welp
052738.0001/154281.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

Jun-22-04 02:15pm From-BROWN WA... GIBBS  +9072762051  T-993  P.01/04  F-935

CONFIDENTIAL

PRIVILEGED

# BROWN, WALLER & GIBBS
821 N Street, Suite 202
Anchorage, Alaska 99501
Facsimile (907) 276-2051
CALL (907) 276-2050 REGARDING FAX PROBLEMS

THIS FACSIMILE CONTAINS CONFIDENTIAL, PRIVILEGED INFORMATION INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. DO NOT READ, COPY OR DISSEMINATE THIS INFORMATION UNLESS YOU ARE THE ADDRESSEE (OR THE PERSON RESPONSIBLE FOR DELIVERING IT). IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE CALL US (COLLECT) IMMEDIATELY AT (907) 276-2050 AND RETURN THE ORIGINAL MESSAGE TO BROWN, WALLER & GIBBS (821 N STREET, SUITE 202, ANCHORAGE, ALASKA 99501) VIA THE POSTAL SERVICE. THANK YOU.

| | |
|---|---|
| DATE | June 22, 2004 |
| NO. OF PAGES TO COME (INCLUDING COVER SHEET) | 3 |
| ADDRESSEE | Andrea Girolamo |
| COMPANY | Lane Powell Spears Lubersky |
| TELECOPIER NO. | 276-2631 |
| SENDER | Richard L. Waller |
| REGARDING | *Denali Fuel Co.* |
| OUR FILE | 4449 |

MESSAGE:   What follows is the Agreement in Principle.

## CONFIDENTIAL

# EXHIBIT A

<u>SETTLEMENT COMMUNICATION</u>

<u>AGREEMENT IN PRINCIPLE</u>

The following agreement sets forth the principal terms agreed to at the mediation held on June 21, 2004. It is understood that this is not a final and binding agreement until a definitive settlement agreement is signed by all parties. These terms are subject to approval by insurer representatives.

- To the extent not already done, all parties will produce to each other relevant insurance policies.

- The formula set forth in attached Exhibit A provides funding obligations for defense of the Alaskan Village matter. In addition, this formula will be utilized to pay ongoing defense costs for the Lazy Mountain and Hawkins/Totem matters. This formula will be utilized to pay both ongoing defense costs in the Alaskan Village matter, and to reimburse Royal, Providence Washington and Terra Nova for past defense costs incurred to date in the Alaskan Village matter.

- All insurers have agreed that the LaHonda matter defense and indemnity costs will not be adjusted.

- The formula set forth in the attached Exhibit A sets forth funding obligations for indemnity payments for settlement of the Alaskan Village matter only. These terms do not establish indemnity payment obligations for either the Lazy Mountain or Hawkins/Totem matters.

- The defense payment obligation set forth in the attached Exhibit A is calculated on the basis of time on the risk.

- For purposes of calculating the defense costs share in the attached Exhibit A, the following years of coverage were used to calculate time on the risk:

    | Providence Washington: | 6 years |
    | Industrial Indemnity   | 4 years |
    | Terra Nova             | 2 years |
    | Royal                  | 9 years |

- The indemnity payment obligation set forth in the attached Exhibit A is calculated in the following manner: each carrier's relative percentage of coverage limits plus each carrier's relative percentage of years on the risk divided by two.

- If additional insurers are identified, the signatories to this agreement in principle agree that the same formula for defense and indemnity will be offered to any such new insurers.



1

052738.0001/11154414.1

- For purposes of calculating the indemnity share in the attached Exhibit A, Industrial Indemnity and Terra Nova will share concurrent coverage for the policy years 1980 through 1982.

- For purposes of calculating the indemnity share in the attached Exhibit A, Industrial Indemnity is deemed to have three years of coverage with total limits of $400,000.

- For purposes of calculating the indemnity share in the attached Exhibit A, Terra Nova is deemed to have one year of coverage with total limits of $500,000.

- For purposes of calculating the indemnity share in the attached Exhibit A, Providence Washington is deemed to have six years of coverage with total limits of $700,000.

- For purposes of calculating the indemnity share in the attached Exhibit A, Royal is deemed to have nine years of coverage with total limits of $4.5 million.

DATED this 21st day of June, 2004.

PROVIDENCE WASHINGTON

By _____
Its   Counsel  ( Coverage )

INDUSTRIAL INDEMNITY

By _____
Its   Latent Claim Manager

TERRA NOVA

By _____     21/6/04
Its   Claims  Manager

ROYAL INSURANCE

By _____
Its   Attorney                  21/6/04

2

COPY

052738.0001/1119414.1

Jun-22-04  02:16pm  From-BROWN WAL   BBS                    +9072762051         T-893  P.04/04  F-835

|  | Defense Time on Risk | | Indemnity Years | | Limits | | (years+limits)/2 |
|---|---|---|---|---|---|---|---|
| PW | 6 | 28.57% | 6 | 31.58% | $ 700,000 | 11.48% | 21.63% |
| Ind. Indem | 4 | 19.05% | 3 | 15.78% | $ 400,000 | 6.56% | 11.17% |
| Terra Nova | 2 | 9.52% | 1 | 5.26% | $ 500,000 | 8.20% | 6.73% |
| Royal | 9 | 42.86% | 9 | 47.37% | $4,500,000 | 73.77% | 60.67% |
|  | 21 | 100% | 19 | 100% | $6,100,000 | 100% | 100.00% |

**EXHIBIT A**

COPY

LAW OFFICES
# BROWN, WALLER & GIBBS
A PROFESSIONAL CORPORATION
521 N STREET, SUITE 202
ANCHORAGE, ALASKA 99501-3285
(907) 276-2050
FAX: (907) 276-3051

KEITH E. BROWN
RICHARD L. WALLER
SANFORD M. GIBBS

OF COUNSEL
ANN W. RESCH

April 7, 2005

*Via Fax and Mail*

Peter Hubbs
Royal & SunAlliance
9300 Arrow Point Blvd.
Charlotte, NC 28273

Tiffany Gillis
RiverStone Claims Management
350 Commercial Street, Suite 500
Manchester, NH 03101

Tom Gordon
Gordan & Polscer, LLC
9755 SW Barnes Road, Suite 650
Portland, OR 97225

Katie Matison
Lane Powell Spears Lubersky
1420 Fifth Ave, Suite 4100
Seattle, WA 98101

Andrea Girolamo-Welp
Lane Powell Spears Lubersky
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648

Re: Insureds: Denali Fuel Company, Inc., Consolidated Fuel Co.,
Alaska Mechanical Maintenance, Inc.
John Mlakar (Deceased), Frances Mlakar
Claimants: LaHonda Trailer Park/Captain Cook Estates and Alaskan Village
PW Claim No.: 01GL000622 (Master)
Our File No.: 4449

Dear Peter, Tiffany, Tom, Katie and Andrea:

I have discussed with each of you informally regarding the reallocation of indemnity payments made in settlement of the LaHonda/Captain Cook Estates matter and Alaskan Village matter. To briefly recap what has happened in regard to the allocation of indemnity payments, the insurers reached an agreement in principal on June 21, 2004, in Seattle, based on a formula which took into consideration each carrier's time on risk as well as the carrier's respective policy limits. After reaching the agreement in principal, Royal & SunAlliance changed its position indicating that it would only agree to an allocation based on time on risk. My client, Providence Washington, has now reluctantly agreed to such an allocation in regard to the prior two settlements only. Based on the following calculations, Providence Washington, Terra Nova and Royal & SunAlliance would each be reimbursed as follows:

# EXHIBIT B

April 7, 2005
Page 2

        Providence Washington      $50,184.08
        Terra Nova                 $14,074.70
        Royal & SunAlliance         $42,338.77

Industrial Indemnity/RiverStone and St. Paul/Travelers, as successor in interest to U.S. Fidelity & Guaranty Company, would be obligated to make the following additional contributions:

        Industrial Indemnity/RiverStone    $33,867.47
        St. Paul/Travelers               $72,728.45

The calculations supporting this reallocation are as follows:

## INDEMNITY PAYMENTS MADE TO DATE

| INSURANCE CO. | SETTLEMENT OF LAHONDA | ALASKAN VILLAGE | TOTAL CONTRIBUTION |
|---|---|---|---|
| Providence Washington | $31,550 | $455,000 | $486,550 |
| Industrial Indemnity/RiverStone | $24,770 | $305,000 | $329,770 |
| Terra Nova | $24,530 | $135,000 | $159,530 |
| Royal & SunAlliance | $19,160 | $605,000 | $624,160 |
| St. Paul/Travelers | -0- | -0- | -0- |
| | | GRAND TOTAL | $1,600,010 |

## CARRIERS' RESPECTIVE YEARS ON RISK

| INSURANCE CO. | YEARS ON RISK | PERCENTAGE |
|---|---|---|
| Providence Washington | 6 years | .272727 |
| Industrial Indemnity/RiverStone | 5 years | .227272 |
| Terra Nova | 2 years | .090909 |
| Royal & SunAlliance | 8 years | .363636 |
| St. Paul/Travelers | 1 year | .045455 |
| TOTAL | 22 YEARS | |

April 7, 2005
Page 3

## INDEMNITY ALLOCATION BASED ON YEARS ON RISK

| INSURANCE CO. | MULTIPLICATION OF PERCENTAGE TIMES TOTAL PAID OUT | | REALLOCATION AMOUNT |
|---|---|---|---|
| Providence Washington | .272727 x $1,600,010 | = | $436,365.92 |
| Industrial Indemnity/RiverStone | .227272 x $1,600,010 | = | $363,637.47 |
| Terra Nova | .090909 x $1,600,010 | = | $145,455.30 |
| Royal & SunAlliance | .363636 x $1,600,010 | = | $581,821.23 |
| St. Paul/Travelers | .045455 x $1,600,010 | = | $ 72,728.45 |

### REALLOCATION

| INSURANCE CO. | PAID TO DATE | | PAYMENT BASED ON YEARS ON RISK | | AMOUNT DUE OR OWED |
|---|---|---|---|---|---|
| Providence Washington | $486,550 | – | $436,365.92 | = | $50,184.08 |
| Industrial Indemnity/RiverStone | $329,770 | – | $363,637.47 | = | ($33,867.47) |
| Terra Nova | $159,550 | – | $145,455.30 | = | $14,074.70 |
| Royal & SunAlliance | $624,160 | – | $581,821.23 | = | $42,338.77 |
| St. Paul/Travelers | $0 | – | $72,728.45 | = | ($72,728.45) |

Please advise whether each of your principles is in agreement with this reallocation of indemnity. Again, this is only a reallocation for the settlements of the LaHonda/Captain Cook Estates and Alaskan Village claims. Should additional claims be asserted, no party will be bound by this allocation or allocation method inasmuch as each claim may not implicate the same carriers' respective policies.

I look forward to hearing from each of you. Should anyone have any questions, please contact me.

Very truly yours,

BROWN, WALLER & GIBBS

Richard L. Waller

RLW/lsr
cc:   Dennis Grasso