Richard L. Waller, ASBA No. 7805025
BROWN, WALLER & GIBBS
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
Telephone: (907) 276-2050
Facsimile: (907) 276-2051
rlwaller@pobox.alaska.net

Attorneys for Providence Washington Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,<br><br>    Defendants. | Case No. A05-162-CV (TMB) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MARKEL'S REQUEST FOR LEAVE TO AMEND COUNTERCLAIM**

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Plaintiff's opposition is based upon two points: the court lacks subject matter jurisdiction and the counterclaim is doomed to failure, both of which are elaborated upon below.

Plaintiff's position that the court lacks subject matter jurisdiction was described thoroughly in its pleading entitled "Plaintiff's Motion and Memorandum in Support of Partial Dismissal of Markel's Counterclaim" filed on November 30, 2005. Specifically, this dispute is governed by Alaska Statute 21.89.100 (d) which reads, in relevant part, as follows:

> A dispute between the insurer and insured regarding attorney fees that is not resolved by the insurance policy or this section shall be resolved by arbitration under AS 09.43.

Denali has been aware from a very early date that disputes of this kind are to be resolved through arbitration. See the letter of February 24, 2004. The wisdom of applying the statute is also well-illustrated by the current dispute insofar as the letters attached hereto as Exhibits. B, C and D demonstrate that the Denali must also be fully aware that plaintiff has fulfilled its obligations with regard to the proposed new counterclaim. This dispute is a perfect illustration of the kind of detailed and tedious factual issue which is best addressed by the statutorily required arbitration. Further, it indicates that the amendment will ultimately be futile, a result which was recognized in *Foman v. Davis,* 371 US 178, 182 (1962) as a basis for denying leave to amend. The Request for leave to amend should be denied

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Opposition to Request for Leave to Amend
*Providence Washington v. Markel International, et al.*

Page 2
Case No. A05-162-CV (TMB)

accordingly.

Dated this 1st day of May, 2006.

BROWN, WALLER & GIBBS
Attorneys for Plaintiff

By: /s/ Richard L. Waller
Richard L. Waller
Alaska Bar No.7805025
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
Telephone:   (907) 276-2050
Facsimile:   (907) 276-2051
rlwaller@pobox.alaska.net
ASBA No.7805025

I HEREBY CERTIFY that on this 1st
day of 1, 2006, a true and accurate copy
of the foregoing was mailed to the following:

Andrew Moses
Gordon & Polscer, LLC
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225

Andrea Girolamo-Welp
Lane Powell LLC
301 W. Northern Lights Blvd, Suite 301
Anchorage, AK 99503-2648

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, AK 99503

Katie Smith Matison
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Opposition to Request for Leave to Amend
*Providence Washington v. Markel International, et al.*

Page 3
Case No. A05-162-CV (TMB)

Alfred T. Clayton
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501

Clay A. Young
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue
Anchorage, AK 99501

*/s/ Anne M. Williams*
Anne M. Williams

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

Opposition to Request for Leave to Amend
*Providence Washington v. Markel International, et al.*

Page 4
Case No. A05-162-CV (TMB)

LAW OFFICES
# BROWN, WALLER & GIBBS

KEITH E. BROWN
RICHARD L. WALLER
SANFORD M. GIBBS

OF COUNSEL
ANN W. RESCH

A PROFESSIONAL CORPORATION
821 N STREET, SUITE 202
ANCHORAGE, ALASKA 99501-3285
(907) 276-2050
FAX: (907) 276-2051

February 24, 2004

Susan E. Reeves
Foster Pepper Rubini & Reeves, LLC           *Via Fax and Mail*
500 L Street, Suite 300
Anchorage, Alaska 99501

|  |  |  |
|---|---|---|
| Re: | Alleged Insureds: | Denali Fuel Company, Inc.<br>Alaska Mechanical Maintenance<br>Consolidated Fuel Company<br>John Mlakar, Frances Mlakar |
|  | First Claim:<br>Claim No.: | Alaskan Village & Peter Zamarello v. Denali Fuel Co.<br>01GL000622 |
|  | Second Claim:<br>Claim No.: | Swain-Williams Eagle River Associates d/b/a Lazy Mountain Trailer Park v. Denali Fuel Co.<br>01GL000638 |
|  | Third Claim:<br>Claim No.: | Captain Cook Estates, successor in interest to LaHonda Mobile Home Park v. Denali Fuel Co.<br>01GL000645 |
|  | Fourth Claim:<br>Claim No.: | Hawkins Enterprises d/b/a Totem Trailer Court v. Denali Fuel Co.<br>01GL000654 |
|  | Our File No.: | 4449 |

Dear Susan:

    This will acknowledge receipt of your letter of February 12, 2004. Under Alaska's Independent Counsel Statute AS 21.89.100, specifically subparagraph (d), disputes regarding attorney fees in situations where a carrier has agreed to provide independent counsel are to be resolved through arbitration under AS .09.43. Under this same subsection, the obligation of the insurer to pay attorney's fees charged by independent counsel is limited to the rate that is actually paid by the insurer to an attorney in the ordinary course of business in the defense of a similar civil

EXHIBIT A
PAGE 1 of 2

Susan E. Reeves
February 24, 2004
Page 2

actions in the community in which the claim arose on is being defended. Notwithstanding your remonstration, I think you will find that there are a number of attorneys with environmental claim defense experience in the Anchorage community that charge at a rate of $165 per hour or less. It is the standard rate that I have been charging all my clients for approximately the last year. Indeed, for a considerable amount of time prior to that, I was only charging $155 per hour. Incidently, my partners also charge a rate of $165 per hour. They have both been in practice thirty-five years and are exceptionally competent in their respective areas of expertise. Again, your clients have every right to seek arbitration in accordance with AS 21.89.100 if they choose.

Very truly yours,

BROWN, WALLER & GIBBS

*[signature]*

Richard L. Waller

RLW/lsr
cc:  Dennis J. Grasso
     Pete Hubbs

Reeves.04Feb20.wpd

EXHIBIT A
PAGE 2 of 2

LAW OFFICES
**BROWN, WALLER & GIBBS**
A PROFESSIONAL CORPORATION
821 N STREET, SUITE 202
ANCHORAGE, ALASKA 99501-3285
(907) 276-2050
FAX: (907) 276-2051

KEITH E. BROWN
RICHARD L. WALLER
SANFORD M. GIBBS

OF COUNSEL
ANN W. RESCH

July 26, 2005

Susan E. Reeves
Amodio Stanley & Reeves LLC
500 L Street, Suite 300
Anchorage, AK 99501

Re:   Insured:         Denali Fuel Company, Inc., Consolidated Fuel Co.,
                       Alaska Mechanical Maintenance, Inc.
                       John Mlakar (Deceased), Frances Mlakar
      First Claim:     Lazy Mountain
      Claim Nos.:      01GL000638 & 01GL000639
      Second Claim:    Totem Trailer Town
      Claim Nos.:      01GL000654
      Our File No.:    4449

Dear Susan:

In regard to Foster, Pepper, Rubini & Reeves LLC invoice number 12586, dated April 15, 200, Providence Washington's share is $827.36. Reducing Providence Washington's carry forward credit of $2,021.18 by this amount leaves a net credit in the amount of $1,193.82.

In regard to Alaskan Village invoice number 13132 dated July 12, 2005, no payment is due inasmuch as the case settled in August of 2004. See AS 21.89.090. It appears to me that these entries should have been shifted to the invoices for either Lazy Mountain Trailer Park or Totem Trail Town. Accordingly the billing for your telephone call of 6/6/05 in the amount of $40.00 will be deducted from Providence Washington's net credit. It is now reduced to $1,153.8⌀.

In regard to the Lazy Mountain invoice 13134 and the Totem Trailer Town invoice 13135, no additional fees or costs have been incurred and accordingly no payment is due at this time from Providence Washington.

EXHIBIT B
PAGE 1 of 2

Susan E. Reeves
July 26, 2005
Page 2


Again, Providence Washington's net credit has now been reduced to $1,153.82. Please call me with any questions.

Very truly yours,
BROWN, WALLER & GIBBS

Richard L. Waller

RLW/rsd

Enclosure
cc: Dennis Grasso

LAW OFFICES
# BROWN, WALLER & GIBBS
A PROFESSIONAL CORPORATION
821 N STREET, SUITE 202
ANCHORAGE, ALASKA 99501-3265
(907) 276-2050
FAX: (907) 276-2051

KEITH E. BROWN
RICHARD L. WALLER
SANFORD M. GIBBS

OF COUNSEL
ANN W. RESCH

January 12, 2006

Susan E. Reeves
Amodio Stanley & Reeves, LLC
500 L Street, Suite 300
Anchorage, Alaska 99501

    Re:    Insured:    Denali Fuel Company, Inc., Consolidated Fuel Co.,
                               Alaska Mechanical Maintenance, Inc.
                               John Mlakar (Deceased), Frances Mlakar
           First Claim:    Lazy Mountain
           Claim Nos.:    01GL000638
           Second Claim:    Totem Trailer Town
           Claim Nos.:    01GL000654
           Our File No.:    4449b, 4449c

Dear Susan:

        I'm in receipt of your email of Wednesday January 11, 2006 regarding Foster, Pepper, Rubini & Reeves LLC invoice number 12586–the Butch Peters billings. By letter of July 26, 2005 (copy enclosed) I advised you that Providence Washington's share of this billing, $827.36 was being applied to Providence Washington's carry forwarded credit of $2,021.18. I believe there is some miscommunication between you and your billing or accounts clerk. I, on behalf of Providence Washington, have endeavored to provide you a complete explanation as to each of your firms billings and have always requested that you contact me if you did not understand how your billings were being processed. Indeed I have spent an extensive amount of time over the last two years reviewing and auditing your firms billings for compliance with AS 21.89.100 -The Independent Counsel Statute. Moreover, we have discussed on numerous occasions the right of your client to seek arbitration in the event that she did not agree with the manner in which your firms billing were being processed. Notwithstanding your clients right to invoke arbitration you have now repudiated the entire process in the course of your clients attempt to intervene in the case of Providence Washington v. Markel International, 3AN-0 5-162 CV(JKS). It remains my client's position that your clients' sole remedy in connection with a dispute regarding attorney's fees is by arbitration under AS 09.43 as mandated by AS 21.89.100(d).

                                                     Very truly yours,

                                                     Richard L. Waller

RLW/amj
cc:    Dennis J. Grasso

                                                                              EXHIBIT C
                                                                              PAGE 1 of 2

BROWN, WALLER & GIBBS

RW  JAN 2 5 2006

RECEIVED

**AMODIO STANLEY & REEVES LLC**
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222 - 7100

Susan E. Reeves
Thomas P. Amodio
James T. Stanley

Gail R. Schubert - Of Counsel
Debra J. Brandwein - Of Counsel

Attn: Andrea Girolamo
Attn: Pete Hubbs
Attn: Christopher LeGros
Attn: Richard Waller
Anchorage AK 99520

Attn: Denali Fuel Company

Butch Peters

January 11, 2006
98010-10
Statement No: 14522

| | |
|---|---|
| Previous Balance | $3,309.44 |
| Balance Due | $3,309.44 |

EXHIBIT C
PAGE 2 of 2



LAW OFFICES
# BROWN, WALLER & GIBBS

A PROFESSIONAL CORPORATION
821 N STREET, SUITE 202
ANCHORAGE, ALASKA 99501-3285
(907) 276-2050
FAX: (907) 276-2051

KEITH E. BROWN
RICHARD L. WALLER
SANFORD M. GIBBS

OF COUNSEL
ANN W. RESCH

February 1, 2006

Susan E. Reeves
Amodio Stanley & Reeves, LLC
500 L Street, Suite 300
Anchorage, Alaska 99501

| | | |
|---|---|---|
| Re: | Insured: | Denali Fuel Company, Inc., Consolidated Fuel Co., Alaska Mechanical Maintenance, Inc. John Mlakar (Deceased), Frances Mlakar |
| | First Claim: | Alaska Village & Peter Zamarello v. Denali Fuel Company |
| | Claim No.: | 01GL000622 |
| | Second Claim: | Swain-Williams Eagle River Associates d/b/a Lazy Mountain Trailer Park v. Denali Fuel Company |
| | Claim No.: | 01GL000638 |
| | Thid Claim: | Hawkins Enterprises d/b/a Totem Trailer Town v. Denali Fuel Company |
| | Claim No.: | 01GL000654 |
| | Our File No.: | 4449 |

Dear Susan:

I have reviewed your firm's January 11th, 2006 invoices, specifically statement Nos. 14642, 14522, and 14525. In regard to the Alaska Village billing (statement No. 14642) no payment is due in as much as the case settled in August 2004. See AS21.89.100. Moreover, the entry for professional services of Rhonda L. Ward constitutes overhead as opposed to a billable cost.

In regard to statement No. 14522 referencing Butch Peters, I refer you to my letters of January 12th, 2006 and July 26th, 2005.

Finally in regard to the Lazy Mountain Trailer Park, statement No. 14525, no additional costs or services are referenced.

Providence Washington's net credit forward remains at $1,153.82. Call me if you have any questions.

Very truly yours,

Richard L. Waller

RLW/amj
cc: Dennis J. Grasso

EXHIBIT D
PAGE 1 of 1