Andrea E. Girolamo-Welp, ASBA No. 0211044
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:   907-276-2631
GirolamoA@LanePowell.com

Attorneys for Markel International Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARKEL INTERNATIONAL LIMITED, ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:05-cv-00162-TMB<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MARKEL'S REQUEST FOR LEAVE TO AMEND COUNTERCLAIM** |

## I.  INTRODUCTION

COMES NOW Markel International Limited ("Markel"), by and through its counsel of record, Lane Powell LLC, and replies to Providence Washington's Opposition to Markel's request for leave of Court to amend its Counterclaim.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## II. STATEMENT OF FACTS

On September 6, 2005, in response to Providence Washington's Complaint, Markel filed its Answer, Affirmative Defenses and Counterclaim. The Counterclaim contained four counts against Providence Washington. Previously, in March 2005, Providence Washington, Markel, Royal and Industrial Indemnity agreed to equally share the defense costs arising out of the deposition of Butch Peters, an employee of the insured, Denali Fuel Company, Inc. dba Alaska Mechanical Maintenance, Inc. ("Denali/AMM"). However, over the next year, Providence Washington failed to pay its share of defense costs to counsel for the insured. In February 2006, Markel was compelled to satisfy Providence Washington's obligation with respect to these defense costs to prevent Denali/AMM from suffering prejudice. Accordingly, Markel has an additional cause of action against Providence Washington for contribution and seeks to amend its Counterclaim to reflect this development.

## III. MEMORANDUM OF AUTHORITIES

A.   **AS 21.89.100 Does Not Apply to Disputes Between Insurers.**

Providence Washington's Opposition to Markel's Motion to Amend Counterclaim relies on two points, neither of which is persuasive under the circumstances. First, Providence Washington's claim that the Court lacks subject matter jurisdiction over the amendment to Markel's Counterclaim is without merit. The statute cited by Providence Washington as divesting the Court of jurisdiction clearly only refers to a "dispute between the insurer and insured" with respect to attorneys' fees. As Markel's Amended Counterclaim states,

> Providence Washington has failed to contribute its share [to cover the Butch Peters assignment] as promised and Markel was compelled to pay Providence Washington's share to prevent Denali Fuel Co. Inc. and AMM from being prejudiced. Given that Markel has been made to pay for a debt owed by Providence Washington, counter-plaintiff

Markel is entitled to assert a claim of contribution against Providence Washington.

Markel's Amended Counterclaim at ¶ 23.

While Providence Washington's refusal to pay Denali's counsel its hourly rate initially created a dispute between "insurer and insured" its continued refusal to specifically pay for the Butch Peters assignment, which was a discrete charge that was agreed upon, has subsequently created a dispute between *insurer and insurer* for contribution. Because of Providence Washington's position, Markel has been forced to cover all of the Butch Peters' expenses so as to protect its (and Providence Washington's) insured's interests. This dispute between *insurer and insurer* is not addressed by AS 21.89.100 and there is no requirement that it be submitted to arbitration. Therefore, this Court has subject matter jurisdiction over the additional claim as stated in Markel's Amended Counterclaim.

**B.      Markel's Counterclaim Arose After Providence Washington Filed Suit.**

Second, Providence Washington claims that Markel's Amended Counterclaim would be "futile," apparently relying on the previously discussed subject matter jurisdiction argument. However, as discussed above, Providence Washington's argument is incorrect, thus Markel's Counterclaim is not futile. In support of its position, Providence Washington refers to the arguments set forth in its November 30, 2005, Motion for Partial Dismissal for its "futility" argument. However, that pleading was focused on the "doctrine of equitable subrogation" which Markel clarified in its Opposition to be more correctly referred to as the *principle* of equitable subrogation, or truly, a claim for contribution. The "doctrine of equitable subrogation" is distinct and different from a claim for contribution as and such Providence Washington's prior arguments are inapposite.

Rule 15(a) clearly states that "leave shall be freely given as justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986). Here, Markel has argued that the claim upon which it seeks

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

to amend its Counterclaim did not arise until February 2006, when counsel for Denali Fuel reimbursed itself for the Butch Peter's assignment out of a payment made by Markel, based on the other carriers' failure to pay. Justice requires that Markel's Counterclaim be amended to include this related claim.

## IV. CONCLUSION

In sum, because (1) the facts and circumstances that form the basis of Markel's contribution claim are inextricably linked with Providence Washington's original Complaint and Markel's original Counterclaim, (2) this court has subject matter jurisdiction over Markel's claim against Providence Washington because AS 21.89.100's mandate to arbitrate is inapplicable, and (3) Markel's Counterclaim as amended is not futile and in fact justice requires allowance of the amendment, it is appropriate for Markel's Counterclaim to be amended to include the contribution counterclaim. Based on the foregoing, Markel respectfully requests that this Court grant it leave to amend its Counterclaim to include its claim for contribution against Providence Washington.

DATED this 11th day of May, 2006.

> LANE POWELL LLC
> Attorneys for Defendant Markel International
> Limited, successor in interest to Terra Nova
>
> By  /s/ Andrea E. Girolamo-Welp
>   Andrea E. Girolamo-Welp
>   301 W. Northern Lights Blvd., Suite 301
>   Anchorage, Alaska 99503-2648
>   Telephone: 907-277-9511
>   Facsimile:  907-276-2631
>   GirolamoA@LanePowell.com
>   ASBA No. 0211044

I certify that on May 11, 2006, a copy of the foregoing was served electronically on:

Thomas P. Amodio, amodt@asralaska.com
Alfred T. Clayton, Jr, atc@bwclawyers.com
Frank A. Pfiffner, fap@hbplaw.net
Mark N. Thorsrud, mthorsrud@tcplaw.com
Clay A. Young, cay@delaneywiles.com
Richard Waller, rlwaller@pobox.alaska.net

 /s/ Andrea E. Girolamo-Welp

052738.0001/155011.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631