Richard L. Waller, ASBA No. 7805025
BROWN, WALLER & GIBBS
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
Telephone: (907) 276-2050
Facsimile:  (907) 276-2051
rlwaller@pobox.alaska.net

Attorneys for Providence Washington Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY,<br><br>Plaintiff,<br>vs.<br><br>MARKEL INTERNATIONAL LIMITED, et al.<br><br>Defendants. | Case No. A05-162-CV (TMB) |

**JOINT STATUS REPORT**

Comes now Plaintiff Providence Washington Insurance Company by and through its attorneys of record Brown, Waller & Gibbs, and pursuant to this court's order of May 8th, 2006, the parties through counsel have conferred and submit the following Joint Status Report:

    A: **Nature of Case**

    1: The Parties' Lead Attorneys.

    a) Providence Washington Insurance Company (Providence Washington)
       Richard L. Waller: Brown, Waller & Gibbs
       821 N. Street, Ste. 202, Anchorage, AK 99501-3285
       phone (907) 276-2050; fax (907) 276-2051; email: rlwaller@pobox.alaska.net
    b) Markel International Limited (Markel)
       Katie Smith Matison: Lane Powell, P.C.
       1420 Fifth Avenue, Suite 4100, Seattle, WA 98101-2338
       phone: (206) 223-7000; fax (206) 223-7107; email: matisonk@lanepowell.com

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

-1-

c) Royal Indemnity Company (Royal)
Mark Thorsrud: Thorsrud Cane & Paulich
1300 Puget Sound Plaza, 1325 Fourth Avenue, Seattle, Washington 98101-2509
phone (206) 386-7755; fax (206) 386-7795; email: mthorsrud@teplaw.com

d) United States Fidelity and Guaranty Company (USF&G)
Tom Gordon: Gordon & Polscer, LLC
9755 SW Barnes Road, Portland, OR 97225
phone (503) 242-2922; fax (503) 242-1264; email: tgordon@gordon-polscer.com

e) Industrial Indemnity Company (Industrial Indemnity)
Clay A. Young: Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400, Anchorage, AK 99501
phone (907) 279-3581; fax (907) 277-1331; email: cay@delaneywiles.com

2:   <u>Basis for federal jurisdiction</u>.  Diversity jurisdiction.

3:   <u>Nature of claims asserted</u>.  Plaintiff, Providence Washington, seeks a declaratory judgment as to the correct method of apportioning indemnity payments totaling $1,600,000 on behalf of their mutual insured, Denali Fuel Company, et. al., for the settlement of two claims related to the environmental contamination of two former mobile home parks in Anchorage, the LaHonda Mobile Home Park formerly located at Northern Lights Boulevard and LaHonda Drive, and the Alaskan Village on Muldoon Road.  Markel, in turn, filed a four count counter-claim based on an alleged June 21, 2004 settlement agreement, an alleged April 7, 2005 settlement agreement, estoppel and equitable subrogation.  Markel's counter-claim for equitable subrogation interjected the issue of the division of insurers' payment of Denali's costs in the defense of the two claims.  USF&G counter-claimed, seeking a declaratory judgment concerning the existence, terms, conditions, scope, and nature of its rights and obligations under the alleged policy it issued.

4:   <u>Name of any party that has not been served and the nature of the non-service</u>.  All parties have been served and have appeared.

5:   <u>Principal legal issues concurred in by all parties except Markel</u>.

a) The correct method of apportioning indemnity payments between successive insurers in cases dealing with environmental contamination spanning a multiple-year time span.

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

-2-

b) The insurers' respective obligations, if any, to pay for Denali's independent counsel, including whether the court has jurisdiction over such an issue in light of Alaska's independent counsel statute AS 21.89.100(d) which mandates binding arbitration for disputes involving independent counsels' fees.

    5.1:    <u>Principle legal issues according to Markel</u>.

a) Whether the duty of successive primary insurers for an alleged continuing loss to pay indemnity and defense costs should be allocated between them on a "time on the risk basis" or a "time on the risk combined with policy limits" formula;

b) The effect of AS 21.89.100(d) on the primary insurers' duties, if any, to pay defense costs to the insured's independent counsel in defense of the environmental claims;

c) Whether any of the parties are entitled to either contribution or a refund from other insurers for the past indemnity and defense costs;

d) The declaratory determination of the calculation of the insurers' future obligations, if any, to pay indemnity and defense costs to the insured;

e) The legal effect of lost or missing policies and the duties of any insurers with regard to these policies;

f) The effect of the deductibles under each policy with respect to each insurer's indemnity obligations; and,

g) Denali has filed a motion to intervene which has been temporarily stayed pending mediation and Denali's proposed complaint in intervention asserts that it has not been fully indemnified for either past defense costs or indemnity obligations from certain insurers.

    6:    <u>Principal factual issues concurred in by all parties except Markel</u>. There are few factual issues raised by Providence Washington's amended complaint, other than the existence and terms of the policy allegedly issued by USF&G. Multiple factual questions regarding the payment of

Law Offices
BROWN, WALLER &
GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

-3-

Denali's attorneys' fees and costs have been raised by Markel.

    6.1:    <u>Principle factual issues according to Markel</u>.

a) The exact amount of defense and indemnity obligations owed by each insurer for the AVI and LaHonda settlements;

b) The exact amount of defense and indemnity sums paid by participating insurers to the insured to date;

c) The obligations of each insurer under each policy.

    **B:**    **Discovery**

    1:    <u>Brief description of completed discovery and any remaining discovery</u>. The parties have exchanged their respective insurance documentation. Plaintiff has served discovery requests on USF&G directed at establishing the existence of the coverage USF&G provided Denali. USF&G has responded and produced certain documentation. No depositions have been taken. It is anticipated that future discovery may be directed at the parties' yet-to-be-identified experts and representative percipient witnesses.

    2:    <u>Brief description of any pending motions and anticipated motions</u>. Providence Washington has filed a motion for partial summary judgment seeking dismissal of count four of Markel's counter-claim on the basis that any dispute regarding the payment of independent counsels' attorneys fees must be submitted to arbitration in accordance with AS 21.89.100(d). The insured, Denali Fuel Company, has filed a motion for leave to intervene, seeking *inter alia* that a constructive trust be placed on any recovery by Providence Washington based on an allegation that Providence Washington is insolvent. Markel has filed a motion requesting leave to amend its counter-claim to include a count for contribution alleging that it paid Providence Washington's proportionate share of defense costs arising out of the deposition of a former employee of Denali in a companion case pending in the Superior Court in Juneau. Each motion remains pending.

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

-4-

3: <u>Brief description of any previously entered rulings on substantive issues</u>. There have been no rulings on any substantive issues this case presents.

4: <u>Any previously filed status reports</u>. There have been no previously filed status reports with the exception of the parties' Scheduling and Planning Conference Report of October 13, 2005.

C: **Trial**

1. <u>If trial is anticipated, how long the trial will take, and whether a jury is requested</u>. It is anticipated that trial will take ten days, as reflected in Judge Singleton's scheduling and planning order of October 20, 2005. No jury has been requested.

D: **Settlement**

1. <u>Status of any settlement discussions and whether the parties request a settlement conference</u>. Mediation has been scheduled to take place June 19, 2006 at Judicial Dispute Resolution in Seattle, Washington before Commissioner JoAnne L. Tompkins. All pretrial deadlines have been extended 90 days by stipulation to accommodate the mediation.

Dated in Anchorage Alaska this 22nd day of May, 2006.

BROWN, WALLER & GIBBS
Attorneys for Plaintiff

By: _____
Richard L. Waller
Alaska Bar No.7805025

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050

I HEREBY CERTIFY that on this 22nd day of May, 2006, a true and accurate copy of the foregoing was mailed to the following:

Tom Gordon
Gordon & Polscer, LLC
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225

Andrea Girolamo-Welp
Lane Powell LLC
301 W. Northern Lights Blvd, Suite 301
Anchorage, AK 99503-2648

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski Seedorf
3900 C Street, Suite 1001
Anchorage, AK 99503

Katie Smith Matison
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

Alfred T. Clayton
Bliss Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501

Clay A. Young
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Ste. 400
Anchorage, AK 99501

Mark Thorsrud
Thorsrud Cane & Paulich
1300 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101-2509

Jessica E. Keil

Law Offices
BROWN, WALLER & GIBBS
A Professional Corporation
821 N Street, Suite 202
Anchorage, Alaska 99501-3285
(907) 276-2050